24-13266

# United States Court of Appeals
## *for the*
## Eleventh Circuit

---

IN RE: THE RENCO GROUP AND THE DOE RUN RESOURCES
CORPORATION

---

THE RENCO GROUP INC. AND THE DOE RUN RESOURCES
CORPORATION,

*Petitioner-Appellee,*

– v. –

VICTOR CAREAGA,

*Respondent,*

RODRIGUEZ TRAMONT & NUNEZ, PA and
NAPOLI SHKOLNIK PLLC,

*Intervenors-Appellants,*

HALPERN SANTOS & PINKERT, PA,

*Intervenor-Appellant.*

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
CASE NO: 1:22-cv-21115-JAL
(Hon. Joan A. Lenard)

---

## INITIAL BRIEF OF INTERVENORS-APPELLANTS
## RODRIGUEZ TRAMONT & NUNEZ, PA AND
## NAPOLI SHKOLNIK PLLC

---

Francisco Ramon Rodriguez
Paulino Antonio Nuñez Jr.
RODRIGUEZ TRAMONT & NUÑEZ P.A.
255 Alhambra Circle, Suite 1150
Coral Gables, FL 33134
(305) 350-2300
frr@rtgn-law.com
pan@rtgn-law.com

*Counsel for Intervenors-Appellants*
*Rodriguez Tramont & Nunez, PA and*
*Napoli Shkolnik PLLC*

*In Re: The Renco Group Inc. and the Doe Run Resources Corporation,*
*Case No. 24-13266*

## CERTIFICATE OF INTERESTED PERSONS AND
## CORPORATE DISCLOSURE STATEMENT

Pursuant to Eleventh Circuit Rule 26.1-1 and Eleventh Circuit Rule 26.1.-1, Intervenors-Appellants Rodriguez Tramont & Nunez, PA, et al. certify the following persons and entities may have an interest in this case.

1. Ayala Law

2. Bayman, Andrew

3. Berra, Jr., Thomas

4. Breakstone, Jay L.T.

5. Careaga, Victor

6. D.R. Acquisition Corp.

7. Damian Valori LLP

8. Devine Goodman Rasco & Watts-FitzGerald LLP

9. Dinan, Jay Patrick

10. Doe Run Cayman Holdings LLC

11. Dowd Bennett, LLP

12. Dowd, Edward, Jr.

13. Drake, Geoffrey

14. Dubanevich, William J.

*In Re: The Renco Group Inc. and the Doe Run Resources Corporation,*
*Case No. 24-13266*

15.   Fernandez, Amanda Lara

16.   Garcia-Menocal & Irias

17.   Garcia-Menocal, Jorge Alejandro

18.   Halpern Santos & Pinkert, P.A.

19.   Halpern, Jay

20.   Hickey, Michael

21.   Honorable Catherine D. Perry, district judge (E. D. Mo.)

22.   Honorable Joan Lenard, district judge (S. D. Fla.)

23.   Honorable Lauren Fleischer Louis, U.S. Magistrate Judge
      (S.D. Fla.)

24.   Honorable Rodney W. Sippel, district judge (E. D. Mo.)

25.   Icenogle, Denisse

26.   Kaiser, Marvin

27.   King & Spalding, LLP

28.   Kraft, Kristine

29.   Law Offices of William J. Dubanevich

30.   Lewis Rice, LLC

31.   Maura, Eduardo Ayala

32.   Mecias, Angelica

33.   Mestre, Jorge Alejandro

*In Re: The Renco Group Inc. and the Doe Run Resources Corporation,*
*Case No. 24-13266*

34.   Napoli Shkolnik PLLC

35.   Neal, Albert Bruce

36.   Núñez Jr., Paulino A.

37.   Parker Waichman

38.   Renfroe, Tracie

39.   Rennert, Ira

40.   Rivero Mestre, LLP

41.   Rodriguez, Francisco Ramon

42.   Rodriguez Tramont & Núñez P.A.

43.   SchlichterBogard, LLP

44.   Schlichter, Jerry

45.   Stump, Nathan

46.   Thaler, Louis

47.   The Doe Run Resources Corporation

48.   The Renco Group Inc.

49.   Toledo, Carmen

50.   Werner, Michael

51.   Zelms, Jeffrey

*In Re: The Renco Group Inc. and the Doe Run Resources Corporation,*
*Case No. 24-13266*

Dated: January 2, 2025

Respectfully submitted,

*/s/ Paulino Antonio Nuñez Jr.*
Francisco Ramon Rodriguez
Paulino Antonio Nuñez Jr.
Rodriguez Tramont & Nuñez P.A.
255 Alhambra Circle,
Suite 1150
Coral Gables, FL 33134
T: (305) 350-2300
frr@rtgn-law.com
pan@rtgn-law.com

*Counsel for Appellants*

## STATEMENT REGARDING ORAL ARGUMENT

Oral argument may benefit the Court in light of the complicated procedural history and unusual factual circumstances associated with the district court's misapprehension of the relationship between the long-pending litigation in Eastern District of Missouri and the work-product protected documents created by Intervenors in prosecuting that litigation.

# TABLE OF CONTENTS

**Page**

CERTIFICATE OF INTERESTED PERSONS AND
CORPORATE DISCLOSURE STATEMENT ............................ C1

STATEMENT REGARDING ORAL ARGUMENT ................................. i

TABLE OF AUTHORITIES ................................................. iv

STATEMENT OF SUBJECT-MATTER AND
APPELLATE JURISDICTION .................................................. 1

STATEMENT OF THE ISSUES ......................................................... 2

STATEMENT OF THE CASE ......................................................... 3

I.    Factual Background ............................................................... 4

    A.    The Missouri Lawsuits ................................................. 4

    B.    Victor Careaga ............................................................. 5

II.   Course of Proceedings and Disposition in the Court
Below ...................................................................................... 6

    A.    The Section 1782 Action ............................................. 6

    B.    Related Proceedings in the Eastern District of
Missouri ........................................................................ 8

    C.    Intervention by the Law Firms ................................... 10

    D.    Rodriguez and Napoli's Motion for Protective Order
and Renewed Motion for Protective Order .................... 12

    E.    Disposition by the Magistrate Judge and district
court .............................................................................. 13

STANDARD OF REVIEW ............................................................ 14

SUMMARY OF THE ARGUMENT ............................................... 15

ARGUMENT ............................................................................... 16

I.      The district court erred when it concluded that
        Local Rule 26.1(e)(2)(C) did not apply to Rodriguez
        and Napoli's assertion of work-product privilege
        for documents created after commencement of the
        *Collins* litigation ............................................................ 16

II.     The district court abused its discretion by refusing
        to extend attorney work-product protection to the
        Rodriguez and Napoli Contested Documents ................ 19

        A.      The documents were protected by the work-
                product privilege .................................................. 19

        B.      The district court erred by failing to consider
                the scope of the Subpoena and the broader
                context of the action ............................................ 22

III.    The district court abused its discretion by failing
        to consider Rodriguez and Napoli's privilege claims
        on a document-by-document basis ............................... 24

IV.     The district court abused its discretion by not
        conducting a hearing or examining the documents
        in camera .................................................................... 26

CONCLUSION ............................................................................ 28

# TABLE OF AUTHORITIES

**Cases**

*Chi. Tribune Co. v. Bridgestone/Firestone, Inc.,*
  263 F.3d 1304 (11th Cir. 2001) ................................................. 14

*Consorcio Ecuatoriano de Telecom. S.A. v.*
  *JAS Forwarding (USA), Inc.,*
  747 F.3d 1262 (11th Cir. 2014) ..................................... 1, 14-15

*Cox v. Adm'r U.S. Steel & Carnegie,*
  17 F.3d 1386 (11th Cir. 1994) ............................................. 20, 28

*Diamond Resorts U.S. Collection Dev., Ltd. Liab. Co. v.*
  *US Consumer Attys, P.A.,*
  519 F. Supp. 3d 1184 (S.D. Fla. 2021) .................................... 23

*Drummond Co. v. Conrad & Scherer, LLP,*
  885 F.3d 1324 (11th Cir. 2018) ............................................. 25

*Glock v. Glock, Inc.,*
  797 F.3d 1002 (11th Cir. 2015) ............................................. 24

*Heraeus Kulzer, GmbH v. Biomet, Inc.,*
  633 F.3d 591 (7th Cir. 2011) ................................................... 1

*Hickman v. Taylor,*
  329 U.S. 495 (1947) ......................................................... 20, 28

*Holladay v. Royal Caribbean Cruises, Ltd.,*
  333 F.R.D. 588 (S.D. Fla. 2019) ........................................ 22-23

*In re Fink,*
  876 F.2d 84 (11th Cir. 1989) .................................................... 2

*In re Ford Motor Co.,*
  345 F.3d 1315 (11th Cir. 2003) ................................................. 2

*In re Furstenberg Fin. SAS v. Litai Assets LLC,*
  877 F.3d 1031 (11th Cir. 2017) ................................................. 1

*In re Grand Jury Investigation (SEALED),*
  119 F.4th 929, 2024 U.S. App. LEXIS 26134 (11th Cir. 2024) .... 2

\*Chief Authorities are marked with an asterisk.

*In re Grand Jury Subpoena,*
  831 F.2d 225 (11th Cir. 1987) ...................................... 25, 26, 27

*In re Letter of Request for Judicial Assistance etc.,*
  669 F. Supp. 403 (S.D. Fla. 1987) ............................................ 24

*Julie A. Su v. Arise Virtual Sols., Inc.,*
  No. 23-61246, 2024 U.S. Dist. LEXIS 106957
  (S.D. Fla. June 17, 2024) ........................................................ 27

*Maplewood Partners, L.P. v. Indian Harbor Ins. Co.,*
  295 F.R.D. 550 (S.D. Fla. 2013) .............................................. 26

*Miccosukee Tribe of Indians of Fla. v. United States,*
  516 F.3d 1235 (11th Cir. 2008) ...................................... 19-20, 26

*Perlman v. United States,*
  247 U.S. 7 (1918) ...................................................................... 2

*Republic of Ecuador v. Hinchee,*
  741 F.3d 1185 (11th Cir. 2013) ...................................... 14, 26

*United Kingdom v. United States,*
  238 F.3d 1312 (11th Cir. 2001) ...................................... 15, 26

*United States v. Jicarilla Apache Nation,*
  564 U.S. 162 (2011) ................................................................ 25

*United States v. Korf,*
  11 F.4th 1235 (11th Cir. 2021) ................................................ 14

*United States v. McQuillan,*
  No. 93-134, 1994 U.S. Dist. LEXIS 11487
  (M.D. Fla. Aug. 5, 1994) .......................................................... 25

*United States v. Nobles,*
  422 U.S. 225 (1975) ................................................................ 27

*United States v. Zolin,*
  491 U.S. 554 (1989) ................................................................ 26

*Wreal, LLC v. Amazon.com, Inc.,*
  840 F.3d 1244 (11th Cir. 2016) .............................................. 14

**Statutes**

28 U.S.C. § 636(b)(1)(A).............................................................13

28 U.S.C. § 1291 ...........................................................................1

28 U.S.C. § 1331 ...........................................................................1

28 U.S.C. § 1651(a) ......................................................................8

28 U.S.C. § 1782 .........................1, 2, 3, 4, 6, 8, 9, 10, 14, 18, 24

28 U.S.C. § 1782(a) ...............................................................1, 24

**Rules**

Fed. R. App. P. 3(c)(4) ...............................................................13

Fed. R. App. P. 3(c)(5) ...............................................................13

Fed. R. Civ. P. 26(b)(3) ..............................................................20

Fed. R. Civ. P. 26(b)(3)(A) .........................................................20

Fed. R. Civ. P. 26(b)(3)(B) ....................................................20, 25

Fed. R. Civ. P. 26(c)(1) ..............................................................24

Local Magistrate Judge Rule 4(a)(1)..........................................13

S.D. Fla. L.R. 26.1(e)(2)............................................................17

*S.D. Fla. L.R. 26.1(e)(2)(C) ........................... 2, 14, 15, 16, 17, 19

**Other Authorities**

Wright & Miller, Fed. Prac. & Proc. Civ. § 2024 (3d ed. 2019) .....23

## STATEMENT OF SUBJECT-MATTER AND
## APPELLATE JURISDICTION

This appeal concerns the denial of a motion for protective order filed by Intervenors-Appellants Rodriguez Tramont & Nunez, PA ("Rodriguez") and Napoli Shkolnik PLLC, ("Napoli") in a Section 1782 discovery proceeding brought by Appellees, The Renco Group Inc. and The Doe Run Resources Corporation (together, "Petitioners"). As this matter arose under 28 U.S.C. § 1782, the district court had subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

This Court has jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. A district court's discovery orders under Section 1782(a) are immediately appealable. *In re Furstenberg Fin. SAS v. Litai Assets LLC*, 877 F.3d 1031, 1034 (11th Cir. 2017); *see Consorcio Ecuatoriano de Telecom. S.A. v. JAS Forwarding (USA), Inc.*, 747 F.3d 1262, 1274 n.6 (11th Cir. 2014) (observing that "when no further proceedings are contemplated" in a Section 1782 action, "the court's last order, even if it is a discovery order, is an appealable final order") (citing *Heraeus Kulzer, GmbH v. Biomet, Inc.*, 633 F.3d 591, 593 (7th Cir. 2011)).

Even if the orders denying Intervenors' motion for a protective

order were not final, this Court would still have jurisdiction to hear Intervenors' appeal under the *Perlman* doctrine. Established in *Perlman v. United States*, 247 U.S. 7, 12-13 (1918), the doctrine "protects privilege holders who are not the target of a subpoena" by allowing "immediate appellate review of an order enforcing a subpoena when the objector was not the party subject to the subpoena." *In re Grand Jury Investigation (SEALED)*, 119 F.4th 929, 2024 U.S. App. LEXIS 26134, *12-13 (11th Cir. 2024). "The point of the exception is to give an objecting party a chance to raise its arguments on appeal." *Id.* at *16; *cf.* generally *In re Ford Motor Co.*, 345 F.3d 1315, 1316 (11th Cir. 2003) (noting that mandamus may be used to "correct a clear abuse of discretion," including where a discovery order would "compromise a claim of privilege" (quoting *In re Fink*, 876 F.2d 84, 84 (11th Cir. 1989))).

## STATEMENT OF THE ISSUES

1. Whether the district court erred when it refused to apply Local Rule 26.1(e)(2)(C), which exempts from the requirement of preparation of a privilege log, work-product material created after commencement of an action, where the materials sought by Petitioners in this action under 28 U.S.C. § 1782 were prepared by

2

or under the direction of Appellants-Intervenors, who are counsel for plaintiffs in long-pending litigation against Petitioners and their affiliates in the U.S. District Court for the Eastern District of Missouri.

2. Whether the district court abused its discretion when it found that, despite the submission of a privilege log and an affidavit from counsel, none of the documents contested by Appellants-Intervenors were shielded from disclosure by the attorney work-product doctrine.

3. Whether the district court abused its discretion by failing to consider Appellants-Intervenors' privilege claims on a document-by-document basis.

4. Whether the district court abused its discretion by reaching its privilege determination without holding a hearing or conducting an *in camera* inspection of the documents contested by Appellants-Intervenors.

## STATEMENT OF THE CASE

In this § 1782 action, Petitioners are seeking discovery to aid a criminal investigation they initiated in the Republic of Peru. *See* Doc.

1 (application).[1] The district court authorized Petitioners to obtain documents and testimony from Appellant, Victor Careaga ("Careaga"), a Southern District of Florida resident and former Florida attorney. Doc. 8; *see* Doc. 78 at 2. Intervenors, the Rodriguez and Napoli law firms, subsequently intervened and moved for a protective order, asserting attorney work-product protection. Doc. 20, Doc. 58. The district court found that Intervenors had failed to substantiate their claims of privilege and denied Intervenors' motion in a series of orders. Docs. 78, 98, 106. Intervenors appeal from those orders.

## I. Factual Background

### A. The Missouri Lawsuits

The Intervenors-Appellants are law firms who represent over 2,000 Peruvian plaintiffs who have brought claims for blood lead poisoning and other tortious acts against the § 1782 Petitioners and their affiliates. The cases are consolidated and pending in the Eastern District of Missouri before the Honorable Rodney W. Sippel,

---

[1] All references to "Doc. __" are to the electronic case filing (ECF) docket numbers in the district court. References to "Dkt. __" are to the ECF docket numbers in this Court. All page number references are to the ECF page numbers.

J.Y.C.C. v. Doe Run Resources Corp., No. 4:15-cv-1704-RWS (commonly referred to as "*Collins*") commencing in 2015. The Petitioners, who are defendants in the *Collins* cases, seek documents that were prepared by or under the direction of Intervenors-Appellants in anticipation of litigation in the *Collins* cases. Intervenors-Appellants objected that the materials at issue are protected by the work-product doctrine.

Petitioners are also defendants in a parallel but separate set of consolidated cases pending in the Eastern District of Missouri. The plaintiffs in those cases, who are represented by Appellant-Intervenor, the Halpern law firm (along with its co-counsel, Schlichter Bogard LLP), are approximately 1,400 Peruvian plaintiffs in long-running litigation against Petitioners and others now pending before the Honorable Catherine D. Perry in the Eastern District of Missouri, A.O.A. v. Rennert, No. 4:11-cv-44-CDP (commonly referred to as "*Reid*").

## B. Victor Careaga

Victor Careaga was a licensed Florida attorney who served as co-counsel for the *Reid* plaintiffs. *See* Doc. 58 at 11. Mr. Careaga was

subsequently disbarred for unrelated conduct. Doc. 54-1 at 3-4 (¶ 11). Since April 2013 he has been employed by Intervenors-Appellants as a paralegal in the *Collins* cases. *See* Doc. 1 at 4.

## I.    Course of Proceedings and Disposition in the Court Below

### A. The Section 1782 Action

On April 12, 2022, Petitioners brought this Section 1782 action to obtain documents and testimony from Careaga for use in a criminal investigation they initiated in Peru. Doc. 1; Doc. 20-1 at 7. Petitioners' *ex-parte* application described the conduct under investigation as "a conspiracy to defraud Renco, Doe Run and the courts of the United States, in which scheme [supposedly] Careaga participated and about which Careaga [supposedly] possesses relevant evidence." Doc. 1 at 1.

According to Petitioners, the alleged fraud comprised "a network of Peruvian plaintiff 'recruiters' and document collectors" supervised by Careaga, who "recruited some Peruvian citizens to claim that they were injured by emissions from a metallurgical complex in La Oroya, Peru." Id. at 2. Petitioners charged that "Careaga's recruiters and others then manipulated, doctored, or

fabricated 'evidence' to support many of those claims." *Id.* Careaga's alleged involvement was "overseeing the fabrication of fake documents" and the alleged fraudulent recruitment efforts. Id. at 2, 4. Petitioners sought to depose Careaga about his work on the Missouri Lawsuits and subpoenaed him to produce a broad array of related documents. *See* Doc. 1-2. Among other things, the subpoena sought documents pertaining to "the recruitment of plaintiffs in Peru," including any instructions Careaga received from the U.S. law firms (*id.* at 11); counsel's "methods" and "strategies" for recruiting plaintiffs (*id.* at 11-12); records of payments Careaga received from the U.S. law firms "in connection with any activity in Peru relating to the Missouri lawsuits" (*id.* at 13); and Careaga's travel records for trips to Peru connected to "recruiting or obtaining records from or about any plaintiff or potential plaintiff" (*id.* at 14). The subpoena expressly sought correspondence between Careaga and "anyone else involved in the Missouri lawsuits," including the Rodriguez and Napoli law firms, and Halpern. *Id.* at 11. On June 8, 2022, the district court granted Petitioners' ex parte application, authorizing the requested discovery from Careaga "for use in a pending, confidential criminal investigation in Peru concerning a

conspiracy to defraud Renco, Doe Run, and the courts of the United States." Doc. 8. Careaga objected to the subpoena, asserting that it sought "testimony and documents … protected by the attorney client privilege or work product doctrines[.]" Doc. 10 at 2.

### B. Related Proceedings in the Eastern District of Missouri

Before initiating this § 1782 proceeding, Petitioners attempted to obtain substantially the same discovery in the *Collins* cases. *See* Doc. 20-1 at 6, 10. On March 24, 2022, Judge Sippel denied Petitioners' broad sweeping requests and ordered targeted discovery of 108 plaintiffs in the initial trial pool. *See id.* at 7-8; Doc. 38 at 15. Less than three weeks later, Petitioners filed this action. Doc. 1.

On July 13, 2022, Rodriguez and Napoli filed a motion in *Collins* under the All Writs Act, 28 U.S.C. § 1651(a), seeking to enjoin this § 1782 action from moving forward. *See* Doc. 20-1 at 10.

On July 19, 2022, Judge Sippel held a status conference in the *Collins* cases and addressed the subpoena (Doc. 1-2), noting that by Petitioners' own admission, it had "the potential to invade the attorney-client privilege." Doc. 20-9 at 22 of 27. Acknowledging that the *Reid* cases before Judge Perry had advanced to the summary

judgment stage and that "it's of great concern if the attorney-client
privilege is invaded in her cases as well as my case," Judge Sippel
indicated that he and Judge Perry would hold a joint hearing on the
matter. *Id.* at 23. He also warned Petitioners' counsel, "there will be
consequences here if ... the attorney client privilege in this case was
breached by conduct in other courts...." *Id.* at 25.

Judge Sippel had previously recognized that the Section 1782
action is inextricably tied to the *Collins* cases pending in the
Eastern District of Missouri. Judge Sippel's comments, in the
context of Petitioners' efforts to have their counsel attend interviews
or depositions of Intervenors' clients by prosecutors in Peru, apply
with equal force here:

> The criminal *investigation* [subject of the 1782
> Petition] *is not aimed at a separate and
> independent activity like a robbery or arson.*
> Defendants' initiation of a criminal
> *investigation is directed at issues that are
> inextricably intertwined with the discovery
> issues before this Court* in this matter. . . . *This
> same information could not be obtained by
> Defendants' counsel in this case.*

*See* Doc. 2, 2-3 (quoting *Collins* Order, May 19, 2022, D.E 650 at 4)
(emphasis added).

On October 28, 2022, Judges Perry and Sippel held a joint

hearing to consider whether to enjoin this § 1782 proceeding in the Southern District of Florida. *See* Doc. 12-1. When Judge Perry asked Petitioners' counsel about potential attorney-client privilege issues arising in this action, he admitted the subpoena was "very, very broad" but expressed confidence that any privilege issues would be raised by plaintiffs' counsel, "who are there to protect those interests." *Id.* at 53.

Following the hearing, Judge Sippel entered an order memorializing Petitioners' representation that discovery in this § 1782 action would be limited to "plaintiffs whose claims have been dismissed from the cases in this Court." Doc. 20-11 at 5. Judge Sippel's order further reflected Petitioners' admission "that some of their discovery requests may initially be overbroad seeking information about the recruitment of all plaintiffs" and "that any overbroad requests would be subject to attorney-client and work-product privilege objections that may be asserted and submitted to the judges in the respective Florida cases." *Id.*

**C. Intervention by the Law Firms**

On May 26, 2023, Rodriguez and Napoli were permitted to intervene in this § 1782 action to assert the work-product privilege.

Doc. 29. A ruling on their motion for a protective order was initially deferred. *See id.* at 16. On June 15, 2023, the assigned magistrate judge in the Southern District of Florida held a hearing on the motion, wherein she set a deadline of July 10, 2023, for Careaga to provide responsive documents to Rodriguez and Napoli, and a deadline of July 14, 2023, for Rodriguez and Napoli to produce a privilege log. Doc. 38 at 41-42.

On June 23, 2023, Petitioners re-issued their subpoena per court order (*see id.* at 48-49), setting Careaga's deposition for August 10, 2023. Doc. 51-1 ("Subpoena"). The re-issued Subpoena explained that discovery was not being sought regarding "any plaintiff whose claim is currently pending" in the Missouri Lawsuits, but only plaintiffs whose claims were dismissed. *Id.* at 12. The district court acknowledged that this effectively limited discovery to "cases involving former plaintiffs." Doc. 59 at 12 n.11. The Subpoena also removed Request No. 17, which concerned recordings or notes of meetings with potential plaintiffs in Peru. *See* Doc. 51-1 at 12, 15; Doc. 38 at 7. No other material changes were made. *Compare* Doc. 51-1 at 12-15; *with* Doc. 1-2 at 11-14.

On July 10, 2023, Halpern filed a motion to intervene in

this action to invoke work-product protection and assert attorney-client privilege on behalf of Halpern's current and former clients in the *Reid* cases. Doc. 45. Halpern's motion to intervene was granted on August 9, 2023. Doc. 59; *see* Doc. 78 at 3, 9.

### D. Rodriguez and Napoli's Motion for Protective Order and Renewed Motion for Protective Order

On February 27, 2023, Rodriguez and Napoli submitted their Motion for Leave to Intervene and for Protective Order. Doc. 20.

On August 5, 2023, after Halpern was allowed to intervene, Rodriguez and Napoli submitted their Renewed Motion for Protective Order Doc. 58. As relevant to this appeal, Intervenors submitted two privilege logs. The first covered documents created before the filing of the *Collins* Missouri federal court litigation, through Sept. 12, 2015. Doc. 58-4. The second log covered all documents created after commencement of the *Collins* litigation. Doc. 58-5. Intervenors also relied on the sworn affidavit of Victor Careaga submitted with the Halpern motion for protective order. *See* Doc. 58, 12; Doc. 54-1 (affidavit).

### E. Disposition by the Magistrate Judge and district court

On November 29, 2023, the Honorable Lauren F. Louis, United States Magistrate Judge, entered an Order Regarding Assertions of Privilege (Doc. 78) that denied both Rodriguez and Napoli's renewed motion for protective (Doc. 58) and Halpern's motion for protective order (Doc. 57). The order was issued without the benefit of a hearing or *in camera* review. *See* Doc. 82 at 6; *see also* Doc. 109 at 35-36.

The intervenor law firms timely appealed the magistrate judge's decision to the district judge pursuant to 28 U.S.C. § 636(b)(1)(A) and Local Magistrate Judge Rule 4(a)(1). *See* Doc. 81 (Halpern's appeal); Doc. 82 (Rodriguez and Napoli appeal). The Honorable Joan A. Lenard, United States District Judge, denied both appeals on September 30, 2024. Doc. 98. Reasons for the denial were explained more fully in a subsequent order, entered October 16, 2024.[2] Doc. 106.

On October 7, 2024, Rodriguez and Napoli timely filed their notice of appeal to this Court. Doc. 99.

---

[2] Doc. 106 is properly part of the record on appeal because it supplements and explains the order that Rodriguez and Napoli have appealed. *See* Fed. R. App. P. 3(c)(4) and (5).

## STANDARD OF REVIEW

This is an appeal from an order denying Intervenors' motion for protective order asserting attorney work-product doctrine. Review of the court's interpretation of Local Rule 26.1(e)(2)(C) is *de novo. See Republic of Ecuador v. Hinchee*, 741 F.3d 1185, 1188–89 (11th Cir. 2013) (rulings that interpret Court Rules "present[] a question of law subject" and is subject to de novo review on appeal).

This Court reviews the denial of a protective order for an abuse of discretion. *Chi. Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1309 (11th Cir. 2001). A district court abuses its discretion if its factual findings are clearly erroneous, it follows improper procedures, it applies the incorrect legal standard, or "it applies the law in an unreasonable or incorrect manner." *United States v. Korf*, 11 F.4th 1235, 1248 (11th Cir. 2021) (quoting *Wreal, LLC v. Amazon.com, Inc.*, 840 F.3d 1244, 1247 (11th Cir. 2016)).

The same standard applies when reviewing a district court's discovery rulings, including "whether the foundation for a claim of privilege has been established," as well as the decision to honor or deny a section 1782 discovery request. A*pplication of Consorcio Ecuatoriano de Telecomunicaciones S.A. v. JAS Forwarding (USA), Inc.*,

747 F.3d 1262, 1268 (11th Cir. 2014) (citing *United Kingdom v. United States*, 238 F.3d 1312, 1319 (11th Cir. 2001)).

## SUMMARY OF THE ARGUMENT

The district court and Magistrate Judge erred when they rejected application of Local Rule 26.1(e)(2)(C) to Rodriguez and Napoli's assertions of work product. The record plainly supports, and there was no basis for denying that the documents at issue were created as part of Intervenors' efforts to litigate the *Collins* cases against Petitioners since 2015. The Rule applies on its face and eliminates the requirement for a privilege log. The court erred in interpreting the rule and placing the burden on Intervenors.

The district court also abused its discretion when it denied Intervenors' motion for a protective order. Rodriguez and Napoli's assertions of work-product privilege were sufficiently substantiated by the Careaga Affidavit (Doc. 54-1), and their privilege logs. (Doc 58-4, 58-5). Even if the Log was deficient in certain respects, the district court identified no valid evidentiary or legal basis to deny privilege protections to the contested documents. More careful consideration was warranted under the circumstances, particularly where the

Subpoena overtly sought the internal records of Petitioners' litigation adversaries.

The district court also abused its discretion by failing to consider Intervenors' claims of privilege on a document-by-document basis. Rather than considering each document separately, the court denied all asserted protections to all of the logged documents in broadbrush fashion. This was reversible error. To address its concerns about the Log entries, the court could have ordered Intervenors to produce an amended privilege log. In any event, and in accordance with applicable precedent, the court should have held a hearing or examined the documents in camera. It was an abuse of discretion to simply deny all work-product protections and order the documents to be produced without any safeguards. The judgment below should be reversed and the matter remanded for further proceedings.

**ARGUMENT**

**I. The district court erred when it concluded that Local Rule 26.1(e)(2)(C) did not apply to Rodriguez and Napoli's assertion of work-product privilege for documents created after commencement of the *Collins* litigation**

The Rodriguez and Napoli Intervenors argued before the

Magistrate Judge, and further argued to the District Court on appeal (ECF No. 82 at 9-10), that as to the vast majority of the documents on their privilege log, which were created after the filing of the *Collins* mass tort litigation in the Eastern District of Missouri. Under Local Rule 26.1(e)(2)(C) Rodriguez and Napoli were explicitly excused from preparing any privilege log, as these documents were "created after commencement of the action."[3] The basis of that rule, of course, is simple: there is no need to decide whether a document was created in anticipation of litigation when it was created after the litigation was commenced.

The *Collins* litigation has been on-going in Missouri since 2015. Before Petitioners filed their 1782 action, Judge Sippel recognized that Petitioners' filing of a criminal complaint in Peru was effectively

---

[3]    Assertions of privilege in the Southern District of Florida are governed by Local Rule 26.1(e)(2). Local Rule 26.1(e)(2)(C) provides in relevant part that:

> This rule requires preparation of a privilege log with respect to all documents . . . withheld on the basis of a claim of privilege or work product protection *except* the following: . . . *work product material created after commencement of the action.*

(emphasis added).

17

a collateral attack on the *Collins* case:

> The *criminal investigation* [later the subject of the 1782 Petition] *is not aimed at a separate and independent activity like a robbery or arson.* Defendants' initiation of a criminal *investigation is directed at issues that are inextricably intertwined with the discovery issues before this Court* in this matter. . . . *This same information could not be obtained by Defendants' counsel in this case.*

*See* Doc. 2, 2-3 (quoting *Collins* Order, May 19, 2022, D.E 650 at 4) (emphasis added).

The materials that are the subject of the challenged order are materials created by or at the direction of counsel for the *Collins* plaintiffs. *See* Doc 78, 17-18 (Rodriguez and Napoli asserted that "all of the documents listed in their two privilege logs are protected from disclosure as attorney work product because they were created by or sent to a paralegal (Careaga) in anticipation of or in connection with the mass tort actions pending in the Eastern District of Missouri."). The documents relate directly to counsel's prosecution of the *Collins* cases over the course of the years since the 1782 action was filed. Moreover, the documents in the second privilege log, Doc. 58-5, were created after commencement of the *Collins* litigation. The documents are, therefore, "work product

material created after commencement of" the relevant action, i.e.,
the *Collins* cases. Allowing Petitioners to bypass the protections
created in Local Rule 26.1(e)(2)(C) creates an incentive for litigants
to do exactly what Petitioners are attempting to do here, burden
and harass their litigation opponents.

The District Court's order affirming the Magistrate Judge did
not address this vital point. Doc. 106 at 9-11.  The district court
erred when it refused to apply Local Rule 26.1(e)(2)(C) to work
product created for the prosecution of the *Collins* cases.

## II. The district court abused its discretion by refusing to extend attorney work-product protection to the Rodriguez and Napoli Contested Documents.

Even if it were appropriate to ignore Local Rule 26.1(e)(2)(C) (it
is not), the district court abused its discretion when refused to
apply work-product protection to the files identified on the *Collins'*
Privilege Logs. *See* Doc. 78 at 17-19.

### A. The documents were protected by the work-product privilege

The work-product privilege generally protects documents
prepared by an attorney in anticipation of litigation. *Miccosukee
Tribe of Indians of Fla. v. United States*, 516 F.3d 1235, 1263 (11th

Cir. 2008); see *Hickman v. Taylor*, 329 U.S. 495 (1947). Codified in Federal Rule of Civil Procedure 26(b)(3), the rule prohibits discovery of any document or tangible thing prepared in anticipation of litigation, or for trial, by or for another party or its representative. Fed. R. Civ. P. 26(b)(3)(A). Such materials are not discoverable unless the party requesting them "shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means." *Id.*; *see Miccosukee Tribe*, 516 F.3d at 1263. Even then, the rule requires courts to "protect against disclosure" any "mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation." Fed. R. Civ. P. 26(b)(3)(B). Such "opinion work-product" "enjoys a nearly absolute immunity and can be discovered only in very rare and extraordinary circumstances." *Cox v. Adm'r U.S. Steel & Carnegie*, 17 F.3d 1386, 1422 (11th Cir. 1994).

Rodriguez and Napoli's motion for protective order relied on the privilege logs and Careaga Affidavit describing his role of "coordinating the efforts of and paying for a ground team in Peru to recruit potential clients, communicate with and obtain documents

from existing clients; arranging the logistics and security for travel to Peru by other members of the law firms so that those individuals could meet with potential or existing clients; and communicating with local counsel in Peru." See Doc. 106 at 18-19. The district court denied the motion for protective order concluding Intervenors' efforts "are not sufficient to establish that more than 300 documents identified in two separate privilege logs, and *created over a period of more than 7 years*, are attorney work product." Doc. 78, 19.

Under the circumstances, that decision was unreasonable and an abuse of the court's discretion. The evidence before the district court included a detailed privilege log and a sworn affidavit, all of which supported Intervenors' assertion that the documents were created for litigation. No contrary evidence was submitted. On that record, it was error for the court to find that the documents were all created for a business purpose, rather than for litigation. The district court also erred by failing to consider the scope of the Subpoena and the broader context of the action, both of which showed that Petitioners were, in fact, openly and deliberately seeking the attorney work-product of their litigation rivals.

**B. The district court erred by failing to consider the scope of the Subpoena and the broader context of the action**

The district court's error was compounded by the fact that, as the magistrate judge had previously observed, the Subpoena clearly sought attorney work product, including "documents and information provided to Careaga as part of his work as an attorney and as co-counsel to Halpern in the consolidated toxic tort actions in the Eastern District of Missouri." Doc. 59 at 8. In granting Halpern's motion to intervene, the magistrate judge observed that theSubpoena "on its face commands production of documents that may be protected from disclosure under the work-product doctrine." Id. at 10. These contextual facts appear to have been forgotten when the court denied Halpern's motion for a protective order.

It should have been clear to the court that the contested documents all relate in some way to Intervenors' efforts to prosecute the lawsuit against Petitioners; otherwise, the documents would be non-responsive. Considering this context, and without any contrary evidence, there was simply no basis for the court to dispute Rodriguez and Napoli's "competent evidence that the materials in question were created in anticipation of litigation." *Holladay v. Royal Caribbean*

*Cruises, LTD*, 333 F.R.D. 588, 592 (S.D. Fla. 2019).

The court also should have taken more care to review Intervenors' privilege claims because the Petitioners are the opposing parties in the Collins cases. The magistrate judge acknowledged that this case "involves defense counsel seeking discovery into current opposing counsel's efforts to recruit foreign plaintiffs in consolidated actions currently pending in another district." Doc. 59 at 8. These "unusual circumstances" warranted a more circumspect approach in the district court's orders. Cf. Doc. 78 at 14 (noting that application of the work-product doctrine is "a highly fact-specific inquiry that depends on the circumstances of a given case"). The magistrate judge failed to address Intervenors' concerns entirely; the district judge dismissively called them a "recent reformulation of a tired and unsuccessful argument." Doc. 106 at 19. But the purpose of the work-product rule is to protect certain evidence "from the knowledge of opposing counsel and his client, thereby preventing its use against the lawyer gathering the materials." *Diamond Resorts*, 519 F. Supp. 3d at 1201 (quoting Wright & Miller, Fed. Prac. & Proc. Civ. § 2024 (3d ed. 2019)). Petitioners did not cite any case that has allowed such sweeping discovery into the internal files of a party's litigation

adversaries during the pendency of the litigation.

If nothing else, the court should have limited Petitioners' ability to use the contested documents for their own purposes in any other proceeding, especially the *Collins* cases. *See* Doc. 81 at 10. A party "concerned in a particular case that a § 1782 applicant is attempting to use foreign litigation as a ruse for obtaining discovery in the United States without complying with the usual procedures of the Federal Rules of Civil Procedure ... should bring evidence of such chicanery to the § 1782 court's attention." *Glock v. Glock, Inc.*, 797 F.3d 1002, 1009 (11th Cir. 2015) (suggesting in such circumstances that a protective order might be appropriate, citing Fed. R. Civ. P. 26(c)(1)). Such an order was necessary here to prevent an abuse of process. "Materials sought pursuant to [§] 1782(a) must be discovered 'for use in a foreign or international tribunal.'" *In re Letter of Request for Judicial Assistance etc.*, 669 F. Supp. 403, 405 (S.D. Fla. 1987).

### III.    The district court abused its discretion by failing to consider Rodriguez and Napoli's privilege claims on a document-by-document basis.

The district court also abused its discretion by denying Rodriguez and Napoli's motion without conducting an individualized

determination for each document on the privilege log. Privilege determinations must be made on a document-by-document basis. *Drummond Co. v. Conrad & Scherer, LLP*, 885 F.3d 1324, 1327-28 (11th Cir. 2018); *In re Grand Jury Subpoena*, 831 F.2d at 226. Courts reviewing privilege logs and challenges "must review each requested document and make an individualized assessment of privilege." *United States v. Jicarilla Apache Nation*, 564 U.S. 162, 200 (2011) (Sotomayor, J., dissenting); *United States v. McQuillan*, No. 93-134, 1994 U.S. Dist. LEXIS 11487, at *4 (M.D. Fla. Aug. 5, 1994) ("The proper method of determining whether certain items are privileged is a document by document examination by the Court...."). Even when a court orders discovery of attorney work product, it must still "protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of the party's attorney ... concerning the litigation." Fed. R. Civ. P. 26(b)(3)(B). The district court here made no such effort.

The court improperly applied an "all or nothing" approach to Intervenors' assertions of privilege, entering a blanket order denying all relief sought by Rodriguez and Napoli and ordering the production of all responsive documents.

## IV. The district court abused its discretion by not conducting a hearing or examining the documents in camera.

This Court has held that a district court must determine the validity of each privilege assertion "by either conducting a hearing or inspecting the documents in camera." *In re Grand Jury Subpoen*a, 831 F.2d at 228. Neither happened here. The practice of determining privilege claims through in camera review is "well established in the federal courts." *United States v. Zolin*, 491 U.S. 554, 569 (1989); *see e.g., Republic of Ecuador*, 741 F.3d at 1188; *Miccosukee Tribe*, 516 F.3d at 1239; *United Kingdom*, 238 F.3d at 1315.

The district judge concluded that in camera review was unwarranted because Intervenors had failed to provide any evidence to support its assertions of work-product privilege. *See* Doc. 106 at 17 (remarking that before a party can ask for an in camera review, it "must present some evidence to convince the court that the privilege might apply" (quoting *Maplewood Partners, L.P. v. Indian Harbor Ins. Co.*, 295 F.R.D. 550, 584-85 (S.D. Fla. 2013))); *id.* (finding that "the Intervenors declined to adequately substantiate their claims"). As explained above, that finding was clearly erroneous; the evidence was sufficient to establish by a preponderance of the evidence that at least

some of the documents on the Rodriguez and Napoli privilege logs were attorney work-product, notwithstanding any perceived defects with the Log.

In the context of this case, the court should have taken some additional step to assure itself that all applicable privileges were properly observed, either by conducting a hearing or by examining the documents in camera.

If the court felt that more explanation was needed before an in camera review was warranted (see Doc. 106 at 18), it should have ordered Intervenors to revise the Log. *Cf. In re Grand Jury Subpoena*, 831 F.2d at 228; *Julie A. Su v. Arise Virtual Sols., Inc.*, No. 23-61246, 2024 U.S. Dist. LEXIS 106957, at *9 (S.D. Fla. June 17, 2024). Instead, by simply denying Intervenors' motion for a protective order, the court erroneously authorized Petitioners to conduct a general "fishing expedition" into their litigation opponents' files without any protective measures for work-product. This was an abuse of discretion. *See United States v. Nobles*, 422 U.S. 225, 240 (1975) (suggesting that allowing a "general 'fishing expedition' into the defense files" would have been an improper exercise of discretion). "Not even the most liberal of discovery theories can justify

unwarranted inquiries into the files and the mental impressions of an attorney." *Cox*, 17 F.3d at 1421-22 (quoting *Hickman*, 329 U.S. at 510).

## CONCLUSION

The Court should reverse the district court's order denying Intervenors' assertions of work-product privilege and instruct the district court to grant the motion or, at minimum, to conduct an in camera inspection.

Respectfully submitted,

*/s/ Paulino Antonio Nuñez Jr.*
Francisco Ramon Rodriguez
Paulino Antonio Nuñez Jr.
Rodriguez Tramont & Nuñez P.A.
255 Alhambra Circle,
Suite 1150
Coral Gables, FL 33134
T: (305) 350-2300
frr@rtgn-law.com
pan@rtgn-law.com

*Counsel for Appellants*

## CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limitations of Federal Rule of Appellate Procedure 28.1(c)(2) and 28.1(e)(2)(B)(i), as the brief contains 5,254 words, excluding those parts exempted by 11th Circuit Rule 32-4.

This brief complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type style requirements of Federal Rule of Appellate Procedure 32(a)(6) as this brief has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Bookman Old Style.

Respectfully submitted,

*/s/ Paulino Antonio Nuñez Jr.*
Francisco Ramon Rodriguez
Paulino Antonio Nuñez Jr.
Rodriguez Tramont & Nuñez P.A.
255 Alhambra Circle,
Suite 1150
Coral Gables, FL 33134
T: (305) 350-2300
frr@rtgn-law.com
pan@rtgn-law.com

*Counsel for Appellants*

## CERTIFICATE OF SERVICE

I hereby certify that on January 2, 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel or parties of record.

I certify service on Victor Careaga was accomplished by mailing a complete copy via e-mail at victoracareaga23@gmail.com and via the United States Postal Service to this address:

Victor Careaga
10509 NW 66th Street
Doral, FL 33178

Respectfully submitted,

*/s/ Paulino Antonio Nuñez Jr.*
Francisco Ramon Rodriguez
Paulino Antonio Nuñez Jr.
Rodriguez Tramont & Nuñez P.A.
255 Alhambra Circle,
Suite 1150
Coral Gables, FL 33134
T: (305) 350-2300
frr@rtgn-law.com
pan@rtgn-law.com

*Counsel for Appellants*