**Case No. 24-13266**

---

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

---

**RODRIGUEZ TRAMONT & NUNEZ, PA,
NAPOLI SHKOLNIK PLLC**
*Intervenors-Appellants*

**HALPERN SANTOS & PINKERT, P.A.**
*Intervenor-Appellant*

v.

**THE RENCO GROUP INC. AND THE DOE RUN RESOURCES
CORPORATION,**
*Petitioner-Appellees.*

---

On Appeal from the United States District Court
for the Southern District of Florida
Case No. 1:22-cv-21115-JAL

---

**APPELLEES' JOINT OMNIBUS RESPONSE TO APPELLANTS' BRIEFS**

---

Andrés Rivero
Robert J. Kuntz, Jr.
Ana C. Malave
RIVERO MESTRE LLP
*Counsel for Appellees*
2525 Ponce de Leon Blvd.,
Suite 1000
Miami, FL 33134
(305) 445-2500

## CERTIFICATE OF INTERESTED PERSONS

Appellees, The Renco Group Inc. and The Doe Run Resources Corporation, under Federal Rule of Appellate Procedure 26.1 and Eleventh Circuit Rules 26.1-1, 26.1-2, and 26.1-3, provides the following Certificate of Interested Persons (CIP), adding interested persons and entities omitted from Appellants' CIP:

1. Ayala Law

2. Bayman, Andrew

3. Berra, Jr., Thomas

4. Breakstone, Jay L.T.

5. Careaga, Victor (respondent)

6. Chesebro, Keneth

7. D.R. Acquisition Corp.

8. Damian Valori LLP

9. Devine Goodman Rasco & Watts-FitzGerald LLP

10. Dinan, Jay Patrick

11. Doe Run Cayman Holdings LLC

12. Doe Run Resources Corporation

13. Dowd Bennett, LLP

14. Dowd, Edward, Jr.

15. Drake, Geoffrey

16.     Dubanevich, William J.

17.     Fernandez, Amanda Lara

18.     Garcia-Menocal & Irias

19.     Garcia-Menocal, Jorge Alejandro

20.     Halpern Santos & Pinkert, P.A. (counsel for Intervenors–Appellants and Appellant)

21.     Halpern, Jay (counsel for Intervenors–Appellants)

22.     Hickey, Michael

23.     Honorable Catherine D. Perry

24.     Honorable Joan Lenard

25.     Honorable Lauren Fleischer Louis

26.     Honorable Rodney W. Sippel

27.     Icenogle, Denisse

28.     Kaiser, Marvin

29.     King & Spalding, LLP

30.     Kraft, Kristine

31.     Kuntz, Robert J. (counsel for Petitioners–Appellees)

32.     Lanciotti, Patrick

33.     Law Offices of William J. Dubanevich

34.     Lewis Rice, LLC

35.　Malave, Ana C. (counsel for Petitioners–Appellees)

36.　Maura, Eduardo Ayala

37.　Mecias, Angelica (counsel for Petitioners–Appellees)

38.　Mestre, Jorge Alejandro (counsel for Petitioners–Appellees)

39.　Napoli Shkolnik PLLC (counsel for Intervenors–Appellants and Appellant)

40.　Napoli, Paul J.

41.　Neil, Albert Bruce

42.　Nunez, Jr., Paulino Antonio (counsel for Intervenors–Appellants)

43.　Office of the Collective Provincial Prosecutor Specialized Against Organized Crime of Junín, Peru

44.　Parker Waichman

45.　Polsinelli PC

46.　Renco Group Inc.

47.　Renfroe, Tracie

48.　Rennert, Ira

49.　Rivero, Andres (counsel for Petitioners–Appellees)

50.　Rivero Mestre, LLP (counsel for Petitioners–Appellees)

51.　Rodriguez Tramont & Nunez, P.A. (counsel for Intervenors–Appellants and Appellant)

52.    Rodriguez, Francisco Ramon (counsel for Intervenors–Appellants)

53.    SchlichterBogard, LLP (counsel for Intervenors–Appellants)

54.    Schlichter, Jerry

55.    Shkolnik, Hunter J.

56.    Soyars, Sean E.

57.    Stump, Nathan (counsel for Intervenors–Appellants)

58.    Thaler, Louis

59.    Toledo, Carmen

60.    Tramont, Andrew V.

61.    Werner, Michael

62.    Zelms, Jeffrey

## STATEMENT REGARDING ORAL ARGUMENT

Appellees believe oral argument will not materially assist the Court in disposing of this case. The issues presented in this case are not complex, the facts and legal arguments in this case are adequately presented in the briefs and record, and the decisional process would not be significantly aided by oral argument. However, Appellees welcome the opportunity to present oral argument if the Court would find it helpful.

# **TABLE OF CONTENTS**

CERTIFICATE OF INTERESTED PERSONS ......................................................... ii

STATEMENT REGARDING ORAL ARGUMENT ............................................ vi

TABLE OF CONTENTS........................................................................................ vii

TABLE OF CITATIONS ...................................................................................... ix

STATEMENT OF THE CASE.................................................................................1

   I.   COURSE OF THE PROCEEDINGS.............................................................1

   II.   STATEMENT OF FACTS............................................................................4

   III.  STANDARD OF REVIEW ..........................................................................7

SUMMARY OF THE ARGUMENT .......................................................................7

ARGUMENT .........................................................................................................10

   I.   THE DISTRICT COURT DID NOT ABUSE ITS DISCRETION WHEN IT
   DETERMINED THAT THE WORK PRODUCT DOCTRINE DID NOT
   APPLY TO APPELLANTS' DOCUMENTS ......................................................10

      A.    The District Court Did Not Abuse its Discretion When it Held That
      the Work Product Doctrine Did Not Apply Because Appellants Failed to
      Substantiate the Privilege Applied and the Privilege Log Documents Bore
      No Link to Litigation ...................................................................................10

      B.    The District Court Did Not Make Any Findings Regarding the
      "Applicability" of Local Rule 26.1(e)(2)(C) and Could Not Have Erred as to
      the Rule's Application Because Rodriguez/Napoli Created a Post-Litigation
      Log in Contravention to the Rule ................................................................17

   II.   THE COURT DID NOT NEED TO CONDUCT A DOCUMENT-BY-
   DOCUMENT REVIEW ......................................................................................20

   III.  THE COURT DID NOT ABUSE ITS DISCRETION WHEN IT DID NOT
   CONDUCT AN IN CAMERA REVIEW .........................................................24

CONCLUSION ...................................................................................................26

CERTIFICATE OF SERVICE ..........................................................................27

# <u>TABLE OF CITATIONS</u>

*Akowskey v. Nationstar Mortg., LLC*,
   2023 WL 2424942 (S.D. Fla. 2023) …………………………………….....25

*Bridgewater v. Carnival Corp.*,
   286 F.R.D. 636 (S.D. Fla. 2011) ……………………………………....11, 22

*Campero USA Corp. v. ADS Foodservice, LLC*,
   916 F. Supp. 2d 1284 (S.D. Fla. 2012) ………………………………….....25

*Cavallaro v. United States*,
   284 F.3d 236 (1st Cir. 2002) ……………………………………………15

*Chemoil Corp. v. MSA V*,
   2013 WL 944949 (M.D. Fla. 2013) ……………………………………….16

*Daubert v. Merrell Dow Pharms.*,
   509 U.S. 579 (1993) ……………………………………………………....11

*Diamond Resorts U.S. Collection Dev., LLC v. US Consumer Att'ys, P.A.*,
   519 F. Supp. 3d 1184 (S.D. Fla. 2021) ………………………………... 6, 24

*Drummond Co. v. Conrad & Scherer, LLP*,
   885 F.3d 1324 (11th Cir. 2018) …………………………………….........22

*Gray ex rel. Alexander v. Bostic*,
   613 F.3d 1035, 1039 (11th Cir. 2010) …...………………………………..7

*Holbourn v. NCL (Bahamas) Ltd.*,
   305 F.R.D. 685 (S.D. Fla. 2014) ……………………………….....…15

*Horowitz v. Allied Marine, Inc.*,
   2023 WL 3568113 (S.D. Fla. 2023) ……………………………………....19

*Hunter's Ridge Golf Co. v. Georgia-Pac. Corp.*,
   233 F.R.D. 678 (M.D. Fla. 2006) ……………………………….........15

*In re: 3M Combat Arms Earplug Prod. Liab. Litig.*,
   2021 WL 952315 (N.D. Fla. 2021) …………………………………..... 5, 14

*In re Clerici*,
   481 F.3d 1324 (11th Cir. 2007) …………………………………..…….7

*In re Egidi*,
    571 F.3d 1156 (11th Cir. 2009) …………………………………..…..19

*In re Grand Jury Investigation*,
    769 F.2d 1485 (11th Cir. 1985) …………………………………..…16

*In re Grand Jury Subpoena*,
    831 F.2d 226 (11th Cir. 1987) …………………………………......22

*In re Total Containment, Inc.*,
    2007 WL 1775364 (Bankr. E.D. Pa. 2007) ……………………….........15

*Intel Corp. v. Advanced Micro Devices, Inc.*,
    542 U.S. 241 (2004) ……………………………………………….....19

*Klosin v. E.I. du Pont de Nemours & Co.*,
    561 F. Supp. 3d 343 (W.D.N.Y. 2021) ………………………….......21

*MapleWood Partners, L.P. v. Indian Harbor Ins. Co.*,
    295 F.R.D. 550 (S.D. Fla. 2013) ……………………….....................24

*Ohralik v. Ohio State Bar Assn.*,
    436 U.S. 447 (1978) ……………………………………………... ….14

*Payrange, Inc. v. Kiosoft Techs., LLC*,
    2021 WL 1312939 (S.D. Fla. 2021) ……………………………….........11

*PDV USA, Inc. v. Commc'n Sols., Inc.*,
    2023 WL 3171990 (S.D. Fla. 2023) ………………………………………11

*Siegmund v. Xuelian Bian*,
    2018 WL 3725775 (S.D. Fla. 2018) ……………………………….........11

*United States v. Jicarilla Apache Nation*,
    564 U.S. 162 (2011) ……………………………………………….........23

*United States v. McQuillan*,
    No. 93-134, 1994 U.S. Dist. LEXIS 11487 (M.D. Fla. Aug. 5, 1994) ……23

*United States v. Nixon*,
    418 U.S. 683 (1974) …………………………………………………...…..11

x

*United States v. Schaltenbrand*,
    930 F.2d 1554 (11th Cir. 1991) …………………………………...…….... 11

## STATEMENT OF THE CASE

### I.     COURSE OF THE PROCEEDINGS

On April 12, 2022, appellees filed an application in the District Court under Section 1782 seeking documents and testimony from Victor Careaga, a Southern District of Florida resident and disbarred former Florida attorney, to aid a criminal investigation in Peru concerning a conspiracy to defraud appellees The Renco Group Inc. and The Doe Run Resources Corporation (the "Companies"), and the courts of the United States. ECF No. 1. The application was granted on June 8, 2022. ECF No. 8.

On May 25, 2023, appellants Rodriguez, Tramont & Nunez, P.A. and Napoli Shkolnik PLLC (hereinafter "Rodriguez/Napoli") were permitted to intervene to assert work product protection over documents sought from Careaga, Rodriguez's paralegal, and to assert attorney-client privilege—but only if the firms submitted sworn affidavits or declarations from their absent, former, unnamed clients wherein the clients invoked the attorney-client privilege and expressed their intent to have the law firm represent them in protecting that privilege. ECF No. 29 at 14, 16. Rodriguez/Napoli failed to submit any such affidavits.

The district court similarly granted appellant Halpern Santos & Pinkert, P.A.'s (hereinafter "Halpern" and together with Rodriguez/Napoli, the appellants) intervention to invoke work-product protections over documents held by Careaga

as a former attorney at Halpern, and to assert attorney-client privilege on the same conditions, with similar, clear instructions on how to assert the privilege. ECF No. 59.

After months of resistance, appellants eventually submitted three privilege logs in an attempt to comply with the § 1782 subpoena requirements.[1] These privilege logs were so deficient that they required a discovery hearing. On July 31, 2023, the district court held a discovery hearing to address the deficiencies of the privilege logs. At the hearing, the district court made clear that appellants had to support their privilege assertions with evidence (ECF No. 64 at 38:17-19; 51:10-16) and that they carried the evidentiary burden. *Id.* at 39:10-13; 51:8-10. Appellants submitted the already-produced Victor Careaga Affidavit (ECF No. 54-1) to carry their evidentiary burden.

On November 29, 2023, the Magistrate Judge issued her Order Regarding Assertions of Privilege (ECF No. 78), denying the appellants' motions for protective order (ECF Nos. 57 and 58), ordering "[a]ll documents for which assertions of privilege have been overruled as set forth above shall be produced within FOURTEEN (14) DAYS of the entry of this Order." ECF No. 78 at 21.

---

[1] Two of the privilege logs correspond to Rodriguez/Napoli and the other privilege log corresponds to Halpern.

Appellants appealed the Magistrate Judge Order to the district court. ECF Nos. 81 and 82. On September 30, 2024, the district court affirmed the Magistrate Judge Order. ECF Nos. 98 and 106.

On October 7, 2024, Rodriguez/Napoli filed its notice of appeal to this Court. ECF No. 99. Halpern filed its notice of appeal to this Court on October 8, 2024. ECF No. 100. A week later, appellants filed motions to stay the District Court proceedings pending this appeal. ECF Nos. 104 and 105.

While the October motions to stay the District Court proceedings were pending, on November 27, 2024, Halpern also filed a motion to stay the proceedings in this Court (ECF No. 31), and a motion to vacate the order on appeal in the District Court. ECF No. 137. On December 2, 2024, the District Court denied the motion to vacate judgment without prejudice. ECF No. 139. On December 3, 2024, Halpern filed an amended motion to vacate judgment. ECF No. 140. The Court denied appellants' motions to stay on December 11, 2024. ECF No. 36.

In the two and a half years since their 1782 application was granted, the appellee Companies have expended significant time and resources to obtain discovery from Victor Careaga, including three subpoenas, three motions to compel his deposition (ECF Nos. 21, 68, 86), three settings of his deposition, and the futile taking of a deposition where he invoked an imagined Peruvian privilege

to refrain from answering. In addition, the Companies have responded to: (1) appellants' motions to intervene and for protective order (ECF Nos. 20, 45, 58); (2) motions for reconsideration (ECF Nos. 33, 36); (3) Careaga and appellants' meritless appeals to the district court (ECF Nos. 81, 82, 84); (4) appellants' frivolous motions to vacate judgment (ECF Nos. 137, 140); (5) motions to stay pending appeal (ECF Nos. 104, 105); and now this appeal. To date, no additional discovery has been produced.

## II.    STATEMENT OF FACTS

In this case, the district court specifically instructed appellants to bring evidence to support their claims of privilege. They chose not to do so.

On August 4, 2023, appellants filed their motions for protective order. ECF Nos. 57, 58. Rodriguez/Napoli submitted two privilege logs asserting that all of the 300 documents listed were protected from disclosure as attorney work product because they were created or sent by Careaga, their paralegal, in connection with the litigation pending in the Eastern District of Missouri. The only evidence produced to support their assertion of privilege was the July 28, 2023 Affidavit of Victor Careaga filed in anticipation of the July 31, 2023 discovery hearing ("Careaga's affidavit") well before the logs were prepared. ECF No. 54-1. The District Court found the affidavit insufficient to establish that the 300 documents were attorney work product. ECF No. 78 at 19.

In support of its assertion of work product, Halpern submitted a privilege log and the *same* affidavit from Careaga. ECF No. 54-1. The District Court found that the affidavit's general statements regarding client recruitment trips to Peru were insufficient "to support the assertion of work product over documents that have no apparent relation to those client recruitment trips." ECF No. 78 at 16.

In solely relying on Careaga's affidavit to support the assertion of work product privilege (ECF No. 58 at 12; ECF No. 57 at 9) appellants failed to substantiate that the privilege applies because Careaga's affidavit largely described unprotected endeavors and documents.

Information related to Careaga's trips to Peru to solicit clients or in furtherance of client recruitment at most reflects a business development purpose and is not protected. *See In re: 3M Combat Arms Earplug Prod. Liab. Litig.*, 2021 WL 952315, at *6 (N.D. Fla. 2021) ("The communications in issue were created for the business purposes (marketing and advertising) of the attorneys . . . not in anticipation of impending litigation for a *particular plaintiff*.") (emphasis added).[2]

Further, Careaga's affidavit identified third party communications (ECF No. 54-1 at ¶¶ 14c, 14e, 14f) and payment information (*id.* at ¶ 14d) to which privilege

---

[2] Notably, the Missouri lawsuits are not class actions. Each plaintiff has a separate lawsuit, and they have been consolidated for pre-trial purposes only. To successfully claim privilege, appellants would need to demonstrate which specific Missouri plaintiff each document pertains to.

also does not attach. As to third party communications, Careaga attests to

"obtain[ing] necessary documentation from schools and other higher institutes of

learning, medical institutions, and employers" (*id.* at ¶ 14c) and coordinating travel

and security logistics.

The District Court found that Rodriguez/Napoli made no effort to defend

their work-product assertion. ECF No. 78 at 19 (affirmed by ECF No. 98); ECF

No. 106. They simply "put before this Court two privilege logs identifying more

than 300 documents, pointed to an earlier-filed affidavit in support of the assertion

of work product, but [failed to] explain[] how those documents [were] protected

from disclosure in light of the facts advanced in that affidavit." ECF No. 78 at 19

("Rodriguez/Napoli were required to provide sufficient facts to substantiate their

claim that the contents of the privilege logs are privileged work product").

*Diamond Resorts U.S. Collection Dev.*, *LLC*, 519 F. Supp. 3d 1184, 1200 (S.D.

Fla. 2021).

In their appeal to the District Court, Rodriguez/Napoli claimed that

"[w]here, as here, it is obvious that all of the attorney work product is connected to

pending litigation, there is no need for a detailed privilege log; indeed, it would be

unduly burdensome in such a circumstance to burden attorneys with the

preparation of a detailed privilege log." ECF No. 82 at 11. They later abandoned

their argument that the information was "obvious" work product and instead point

to the descriptions of 40 out of the 300 entries. ECF No. 105. That argument again, must fail.

## III.    STANDARD OF REVIEW

The Eleventh Circuit applies an abuse-of-discretion standard when reviewing claims of evidentiary privilege, a highly deferential standard unlikely to yield a different outcome on appeal. *In re Clerici*, 481 F.3d 1324, 1331 (11th Cir. 2007). "The abuse of discretion standard usually implies a range of choices, instead of only one right choice, and often [this Court] will affirm even though we would have decided the other way if it had been our choice." *Gray ex rel. Alexander v. Bostic*, 613 F.3d 1035, 1039 (11th Cir. 2010).

## SUMMARY OF THE ARGUMENT

The District Court did not abuse its discretion in ruling that the work product doctrine did not apply to the appellants' documents. After a thorough review of privilege logs, affidavits, legal memoranda, and oral arguments, the court issued three well-reasoned orders rejecting appellants' privilege claims.

The District Court correctly found that the documents listed in the privilege logs were unrelated to anticipated litigation and that appellants failed to meet their burden of proof. Their affidavits contained only broad, unsupported assertions that lacked sufficient detail to establish privilege by a preponderance of the evidence. Despite multiple opportunities to substantiate their claims, appellants relied on

conclusory statements rather than providing specific facts or explanations linking the documents to litigation or any particular plaintiff.

The District Court also correctly determined that even if appellants had substantiated their claims, the privilege would not apply to documents related to business development, third-party communications, and financial transactions, as such materials do not qualify as work product. The court's review of the privilege logs confirmed that the documents bore no inherent link to litigation. The assertion that information regarding trips to Peru and client recruitment efforts constituted protected work product was unpersuasive, as courts have consistently held that business and marketing materials are not privileged. Similarly, communications with third parties and financial records do not fall under the work product doctrine, as privilege does not extend to documents created in the ordinary course of business.

Appellants' raise meritless arguments regarding Local Rule 26.1(e)(2)(C). The District Court did not make any findings on the rule's applicability, nor could it have erred in its application because appellants voluntarily created a post-litigation privilege log. Any objections to this process were untimely and waived. Similarly, appellants' claims of burden and harassment also lack merit, as the District Court has repeatedly affirmed the propriety of discovery under 28 U.S.C. §

1782, and the argument that the discovery process was improperly burdensome has already been rejected.

The District Court was not required to conduct a document-by-document review, as appellants contend, because they failed to provide sufficient detail to justify such an analysis. The privilege logs submitted by appellants lacked the specificity necessary for a meaningful review, consisting of vague descriptions that made it impossible for the court to determine the applicability of privilege. Courts are not obligated to undertake a detailed review when a party asserting privilege fails to meet its evidentiary burden.

The District Court also did not err in declining to conduct an in camera review. Courts do not conduct such reviews lightly and will not do so simply at a party's request. An in camera review is only warranted when a party has first presented sufficient evidence to establish a plausible claim of privilege, which appellants failed to do.

Ultimately, the District Court's rulings were supported by a careful review of the record and a correct application of legal standards. Appellants' failure to substantiate their privilege claims was the decisive factor, and the District Court was not required to take additional measures to compensate for these deficiencies. The orders should be affirmed.

# **ARGUMENT**

## I.    THE DISTRICT COURT DID NOT ABUSE ITS DISCRETION WHEN IT DETERMINED THAT THE WORK PRODUCT DOCTRINE DID NOT APPLY TO APPELLANTS' DOCUMENTS

The District Court entered not one, not two, but three well-reasoned orders detailing why the work-product doctrine did not apply to the appellants' documents after having reviewed the appellants' privilege logs, affidavits, legal memoranda, and having had the benefit of oral argument. ECF Nos. 78, 98, 106. This appeal must be denied because: (1) the District Court properly held that the work product doctrine did not apply to any of the privilege logs documents since they consisted of documents unrelated to the anticipation of litigation and appellants' bare-bones affidavits did not demonstrate the existence of the privilege by a preponderance of the evidence and (2) there is no dispute as to Local Rule 26.1(e)(2)(C) because Rodriguez/Napoli made a post-litigation privilege log (despite the rule's language) and any objection to creating the log was untimely and lacked any merit.

### A.    The District Court Did Not Abuse its Discretion When it Held That the Work Product Doctrine Did Not Apply Because Appellants Failed to Substantiate the Privilege Applied and the Privilege Log Documents Bore No Link to Litigation

The District Court's multiple, detailed orders properly found that (1) the appellants failed to substantiate their work product privilege claims, and (2) the work product privilege did not extend to the documents detailed in appellants' three privilege logs. ECF Nos. 78, 98, 106. For these reasons, further detailed

10

below, the District Court was not clearly erroneous in denying appellants' motions

for protective order and ordering production of the privilege log documents.

> ### 1.     Appellants Chose Not to Meet Their Evidentiary Burden to Establish the Applicability of the Work-Product Privilege

A party invoking a privilege bears the burden to "demonstrate the existence

of the privilege *by a preponderance of the evidence*." *PDV USA, Inc. v. Commc'n

Sols., Inc*., 2023 WL 3171990, at *3 (S.D. Fla. 2023) (citing *Daubert v. Merrell

Dow Pharms*., 509 U.S. 579 (1993)) (emphasis added); *United States v.

Schaltenbrand*, 930 F.2d 1554, 1562 (11th Cir. 1991) (holding that the party

invoking a privilege bears the burden of establishing that the privilege applies).

"This burden, to sustain a claim of privilege, is heavy because privileges are 'not

lightly created nor expansively construed, for they are in derogation of the search

for the truth.'" *Bridgewater v. Carnival Corp.*, 286 F.R.D 636, 639 (S.D. Fla.

2013) (citing *United States v. Nixon*, 418 U.S. 683, 710 (1974)).

That evidence may include an affidavit but if, as is the case here, "the

affidavit is not precise enough to bring the document within the rule, the Court has

no basis on which to weigh the applicability of the claim of privilege." *Siegmund v.

Xuelian Bian*, 2018 WL 3725775, at *4 (S.D. Fla. 2018); *Payrange, Inc. v. Kiosoft

Techs., LLC*, 2021 WL 1312939, at *2 (S.D. Fla. 2021) ("Conclusory assertions

will not suffice; the party asserting the privilege must offer underlying facts

11

demonstrating the existence of the privilege, which may be accomplished by affidavit.").

The District Court specifically instructed the appellants to provide evidence to support their work product privilege claims, gave them plenty of time to do so, and allowed them the opportunity "to brief the issue of . . . assertions of privilege and the sufficiency of the privilege logs advanced." ECF No. 78 at 5. Halpern's paltry "evidence" consisted of a privilege log listing 30 documents and Careaga's affidavit (ECF No. 78 at 15)—an affidavit that provided more reasons to deny any privilege than to apply any. Rodriguez/Napoli provided two privilege logs (one with documents before and the other with documents after the *Collins* litigation began) listing roughly 300 documents and also relied on Careaga's unhelpful affidavit. ECF No. 78 at 18

The District Court held that "Careaga's affidavit [did] not provide an adequate factual basis to uphold the assertion of work product" because it consisted of blanket assertions that *everything* he did *could be* in anticipation of litigation, two paragraphs "that amount to a general job description for [his] role," and no details as to why more than 300 documents, spanning over 7 years, should be considered work product. ECF No. 78 at 15-16, 18-19. The District Court stated that "the Magistrate Judge was correct in her finding that the Respondent's affidavit was too broad and unspecific to maintain the claim of privilege." ECF No.

12

106 at 10, 12. In solely relying on Careaga's patently insufficient affidavit to support the assertion of work product privilege (ECF No. 57 at 9; ECF No. 58 at 12) the Appellants failed to substantiate that the privilege applied, because Careaga's affidavit largely described unprotected endeavors and documents in a generalized way.

Appellants were provided with ample opportunity to substantiate their work product claims, both in writing (through multiple appeals and cross-motions) and at hearings.[3] Although Appellants now argue that the evidence they provided was sufficient to establish the work product privilege (Doc. 37 at 17-19, Doc. 39 at 22), as the District Court put it, "[t]hat they were unsuccessful in establishing *by a preponderance of the evidence* that any [documents] are privileged is a result of their own making." ECF No. 106 at 11 (emphasis added), 13. Appellants failed to shoulder, let alone carry, their evidentiary burden and cannot now complain that the District Court abused its discretion in recognizing this failure.[4]

---

[3] During a hearing on June 15, 2023, Appellants were asked to identify what documents were privileged and why, but "advanced only hyper-generalized and hypothetical assertions of privilege and were unable to identify any particular documents that are covered by any privilege, even by proffer." ECF No. 70 at 11.

[4] To the extent Rodriguez/Napoli argues that "no contrary evidence" was submitted, none was required since the burden was not met, and therefore, never shifted. Doc. 39 at 21.

2.      *The District Court Properly Held That the Work Product Privilege Does not Extend to Documents Involving Business Development, Third Party Communications and Money Transfers*

Despite appellants failure to establish by a preponderance of the evidence that the documents listed in their privilege logs consisted of work product, the District Court engaged in a detailed review of the privilege logs and determined that the documents there listed could not in any case be protected work product because they bore no "inherent link to litigation." ECF No. 106 at 10.

The appellants complain that the Order erred in finding that Careaga's information regarding his trips to Peru were not protected work product. Doc. 37 at 24-28; Doc. 39 at 20-21. However, clear precedent establishes that documents created for solicitation and strictly for business purposes are not protected by the work product doctrine

First, unlike an attorney's conduct performed on behalf of his client or the court, "solicitation by a lawyer of remunerative employment is a *business transaction*." *Ohralik v. Ohio State Bar Assn.*, 436 U.S. 447, 457 (1978) (emphasis added). Information related to Careaga's trips to Peru to solicit clients or in furtherance of client recruitment at most reflects a business development purpose and is not protected. *See In re: 3M Combat Arms Earplug Prod. Liab. Litig.*, 2021 WL 952315, at *6 (N.D. Fla. 2021) ("The communications in issue were created for the business purposes (marketing and advertising) of the attorneys . . . not in

14

anticipation of impending litigation for a *particular plaintiff*.") (emphasis added); *Holbourn v. NCL (Bahamas) Ltd*., 305 F.R.D. 685, 687 (S.D. Fla. 2014) (work product protection does not extend to "materials or documents drafted or created in the ordinary course of business").[5]

Second, Careaga's affidavit identifies third party communications (D.E. 54-1 at ¶¶ 14c, 14e, 14f) and payment information (*id.* at ¶ 14d) to which privilege also does not attach. As to third party communications, Careaga attests to "obtain[ing] necessary documentation from schools and other higher institutes of learning, medical institutions, and employers" (*id.* at ¶ 14c) and coordinating travel and security logistics. Third-party documents listed in the privilege logs are also not shielded by the work product doctrine. *Hunter's Ridge Golf Co. v. Georgia-Pac. Corp.*, 233 F.R.D. 678, 681 (M.D. Fla. 2006) ("The work product doctrine does not shield from discovery documents created by third-parties."); *Cavallaro v. United States*, 284 F.3d 236, 246-47 (1st Cir. 2002); *In re Total Containment, Inc.*, 2007 WL 1775364, at *3 (Bankr. E.D. Pa. 2007) ("Therefore, the voluntary disclosure to

---

[5] It bears noting that the very essence of the Peruvian investigation in support of which the Companies filed their Section 1782 petition in the first instance is particularly concerned with means and methods by which the law firms recruited clients or, put another way, "developed business." Documents elucidating those efforts are a precise target of the petition and, as demonstrated above, not subject to privilege. Further, appellants did not demonstrate in the lower court that solicitation of one client protected solicitation of all other clients.

a third party of purportedly privileged communications has long been considered inconsistent with an assertion of the privilege.").

Finally, the work product doctrine does not apply to financial records. *In re Grand Jury Investigation*, 1485, 1488 (11th Cir. 1985) (holding work product privilege did not apply over financial records, stating "[a]n attorney who acts as his client's business advisor, or his agent for receipt or disbursement of money or property to or from third parties . . . is not acting in a legal capacity, and records of such transactions are not privileged."); *Chemoil Corp. v. MSA V*, 2013 WL 944949, at *5 (M.D. Fla. 2013) ("Further the work product privilege objection does not apply to the RFP's because they relate to normal business transactions . . . . If documents and materials are produced in the ordinary course of business or other non-litigation purposes, they do not qualify as work product . . . . Thus, the work product privilege does not apply to requested documents because the fuel payments are a normal business transaction for the Plaintiff.").

To the extent that Halpern is seeking an appeal of the order granting appellees' Section 1782 subpoena, this appeal is not the proper vehicle. Doc. 37 at 28-31. Despite appellant's contentions, the District Court did consider the scope of the subpoena and the greater context of the action and rejected appellant's imagined concerns on multiple occasions. ECF No. 78 at 7 ("[T]he "[Magistrate] Court has previously determined that there is no conflict between the discovery

16

sought in the Southern District of Florida and prior discovery orders issued in the Eastern District of Missouri."); ECF No. 106 at 19; *see also* ECF No. 70 at 8 (denying appellants' request to vacate the District Court's order granting the application for discovery under 28 U.S.C. § 1782 because the request was made "in passing without sufficient citation to any legal authority"); *id.* at 9 ("[T]he [appellants] fail to establish that there is any true conflict between the discovery sought in this Section 1782 proceeding and prior discovery orders issued in the Eastern District of Missouri.").

Having conducted a detailed review of the privilege logs and determined that they consisted of these types of the documents, the District Court did not abuse its discretion in finding that the documents were "obviously not created in anticipation of litigation." ECF No. 106 at 10, n.3, 11, 13; ECF No. 78 at 17, 19.

### B. The District Court Did Not Make Any Findings Regarding the "Applicability" of Local Rule 26.1(e)(2)(C) and Could Not Have Erred as to the Rule's Application Because Rodriguez/Napoli Created a Post-Litigation Log in Contravention to the Rule

Rodriguez/Napoli's arguments regarding Local Rule 26.1(e)(2)(C) are baseless, moot and untimely non sequiturs.[6] They constitute essentially an appeal of something that the lower court didn't do.

---

[6] This section addresses the arguments made in Doc. 39 and pertain exclusively to appellant Rodriguez/Napoli. *See id.* at 16-19. Halpern did not raise any arguments on appeal or before the District Court related to Local Rule 26.1.

First, the District Court could not have erred "when it concluded that Local Rule 26.1(e)(2)(C) did not apply" because the court made no such conclusion. Doc. 39 at 16. Tellingly, appellant's brief does not provide a single record citation to any of the three District Court orders, except to mention that "[t]he District Court's order affirming the Magistrate Judge did not address this vital point." *Id.* at 19 (citing Doc. 106 at 9-11). The "vital point" referred to is appellant's blanket argument that all the documents contained in their post-litigation privilege log *must be* work product, but the lower court's detailed analysis of the logs and affidavits in support of the purported privilege demonstrated otherwise, as detailed above. *See* Section I(A), *supra*.

Second, any dispute as to the application of Local Rule 26.1(e)(2)(C) is moot because of appellant's own creation of a post-commencement-of-litigation privilege log. While the rule excepts the creation of a privilege log for "work product material created after commencement of the action," that is exactly what appellant created. The appellant cannot now complain of the court's review and rejection of the privilege asserted in that log.

Third, appellant incorrectly asserts that it timely presented argument regarding the applicability of Local Rule 26.1(e)(2)(C) to the Magistrate Judge. Tellingly, the only citation for that proposition is ECF No. 82—its District Court *appeal* from the Magistrate Judge's order denying the motion for protective order.

18

Doc. 39 at 16-17. By not raising any objection to the creation of a post-litigation log prior to its creation and submission, appellant has waived the argument. *In re Egidi*, 571 F.3d 1156, 1163 (11th Cir. 2009) ("Arguments not properly presented in a party's initial brief or raised for the first time in the reply brief are deemed waived."); *Horowitz v. Allied Marine, Inc.*, 2023 WL 3568113, at *17 (S.D. Fla. 2023) ("[W]e don't grant [relief on] arguments a party hasn't supported with either evidence or legal citations.").

Finally, appellant's purported warning that the post-litigation documents are sought to "burden and harass" rings hollow. Doc. 39 at 19. Any alleged burden on identifying the responsive documents has already been assumed from the time the privilege log was prepared and can no longer constitute a burden. The alleged risk of "harassment" ignores the fact that the District Court has repeatedly upheld its § 1782 Order allowing appellee to obtain discovery for use in the pending foreign proceedings and repeatedly noted that the judges of Eastern District of Missouri have acknowledged this discovery can proceed in the Southern District of Florida. ECF No. 29 at 3; ECF No. 70 at 8; ECF No. 38 at 20:25-21:1; 22:2-25; 33:25-34:2; 38:17-19. Appellee has long ago and completely fulfilled the statutory prerequisites of § 1782 and more than satisfied the discretionary factors set forth in *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241 (2004) to obtain the very limited post-litigation discovery now complained of. Rodriguez/Napoli's

imagined allegations of burden and harassment are meritless, have been disposed

of, and do not support vacating the District Court's orders.

## II.    THE COURT DID NOT NEED TO CONDUCT A DOCUMENT-BY-DOCUMENT REVIEW

Despite having ample opportunity to provide a document-by-document

justification for their privilege claims, appellants failed to do so, suggesting instead

that the Magistrate Judge and District Court should have done counsels' work for

them and cured the deficiencies in their privilege logs.

Halpern argues that the District Court abused its discretion by ordering the

production of all materials without considering them on a category-by-category

basis or conducting an individualized review. Doc. No. 37 at 3. But this argument

overlooks the fundamental problem: Halpern's privilege log was so vague and

lacking in detail that the District Court had no meaningful way to conduct such

analysis.

In the District Court, Halpern claimed that all 30 files in his privilege log

were protected by attorney-client privilege. ECF No. 57 at 16. However, the log

didn't provide the basic information needed to support these claims. For instance,

one 118-page file was simply labeled as "attorney correspondence with client,"

with no explanation of who was involved, what the communications were about, or

how they related to "legal advice." (ECF No. 106 at 15). The District Court rightly

found that this kind of vague, blanket assertion wasn't enough to establish

20

privilege, much less justify a detailed, document-by-document or category-by-category review. ECF No. 106 at 15.

Halpern's comparison to a district court holding outside of the Eleventh Circuit, *Klosin v. E.I. du Pont de Nemours & Co.*, 561 F. Supp. 3d 343, 360 (W.D.N.Y. 2021), hasn't got the legs to travel so far. In *Klosin*, the court engaged in detailed review because the privilege log and supporting materials provided enough information to identify which documents might contain privileged content. That allowed the court to make informed decisions, including redacting certain portions of documents to protect core work product. Here, by contrast, Halpern's privilege log failed to meet even the minimal standard of specificity required to trigger such an analysis. Neither the Magistrate Judge nor the District Court Judge below were required to take on the impossible task of guessing what might be privileged based on Halpern's vague descriptions.

Similarly, Rodriguez/Napoli argues that the district court failed to "protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of the party's attorney." ECF No. 39 at 25. This claim is misleading. The only evidence Rodriguez/Napoli presented was an affidavit from Careaga, which broadly asserted that the 300 documents listed in Rodriguez/Napoli's two privilege logs were work product created over a seven-year period. However, the affidavit lacked specificity and failed to establish how the documents reflected any

attorney's mental impressions, conclusions, or legal theories. Courts have long held that vague, blanket assertions like these are insufficient to meet even the minimal evidentiary burden necessary to claim privilege. *See, e.g.*, *Bridgewater*, 286 F.R.D. at 639.

Appellants' argument that the District Court abused its discretion by not conducting a document-by-document review is unavailing and their reliance on cases like *Drummond Co. v. Conrad & Scherer, LLP*, 885 F.3d 1324 (11th Cir. 2018), is misplaced. In *Drummond*, the court was determining whether the crime-fraud exception applied, a context requiring heightened scrutiny and procedural safeguards such as in camera reviews and *ex parte* testimony. Those measures were necessary because the case involved allegations of fraud and the potential misuse of privilege.

Here, no such heightened scrutiny is required. The privilege issues in this case could be resolved categorically because appellants—despite having every opportunity to do so—failed to present specific, individualized evidence justifying their claims. The District Court appropriately exercised its discretion by denying a blanket privilege without delving into an exhaustive document-by-document analysis, particularly given the deficiencies in the privilege logs.

The other cases relied upon by appellants are likewise inapposite. *In re Grand Jury Subpoena*, 831 F.2d 226 (11th Cir. 1987), involved a U.S. grand jury

22

investigation, which demands meticulous review to preserve grand jury secrecy. Appellants also rely in dicta from *United States v. Jicarilla Apache Nation*, 564 U.S. 162, 200 (2011) (Sotomayor, J., dissenting), which concerned a fiduciary relationship between the government and a Native American tribe, where privilege claims required individualized analysis to reconcile with the government's duties. *United States v. McQuillan*, No. 93-134, 1994 U.S. Dist. LEXIS 11487 (M.D. Fla. Aug. 5, 1994), involved a domestic criminal trial where fairness required document-specific review to protect the rights of the parties. None of these cases resemble this case in any useful way.

In contrast, this is a Section 1782 proceeding to aid a foreign criminal investigation in Peru. Unlike the cited cases, this matter does not involve fiduciary duties, grand jury secrecy, or the rights of defendants in a U.S. trial, so that appellants' reliance on these cases is therefore misplaced. The District Court acted within its discretion in denying individualized review, given appellants' failure to provide the necessary evidentiary foundation for their privilege claims.

Federal Rule of Civil Procedure 26(b)(3)(B) requires courts to protect core work product but does not mandate a document-by-document analysis in all cases. Courts have discretion to determine the appropriate level of review based on the specific context, and the District Court here acted within its discretion by denying individualized review. ECF No. 106 at 15. Ultimately, the District Court's decision

23

to order production of the appellants' documents was a reasonable response to appellants' failure to even attempt to meet their evidentiary burden to protect any purported privilege. Courts are not obligated to do the attorneys' job when a party asserting privilege does not provide enough information to support its claims. Halpern's argument ignores this reality and fails to show that the district court erred in its approach.

## III.   THE COURT DID NOT ABUSE ITS DISCRETION WHEN IT DID NOT CONDUCT AN IN CAMERA REVIEW

Appellants also argue that the District Court erred because it did not conduct an in camera review before denying their motions. Doc. 37 at 33 and Doc. 39 at 26. It is well settled in this district that a court "does not conduct an in camera review lightly, nor simply because a party requests it." *MapleWood Partners, L.P. v. Indian Harbor Ins. Co.*, 295 F.R.D 550, 627 (S.D. Fla. 2013). Instead, the party first must present some evidence to convince the court that the privilege might apply." *Id*. at 584–85.

A request for an in camera review "is not to be used as a substitute for a party's obligation to justify its withholding of documents." *Diamond Resorts U.S. Collection Dev., LLC*, 519 F. Supp. 3d 1184, 1198 (S.D. Fla. 2021), reconsideration denied, 2021 WL 4482837 (S.D. Fla. 2021) (internal citations and quotations omitted). Thus, a court should "not consider an in camera review until the party asserting privilege has done all that it reasonably could to establish

privilege." *Akowskey v. Nationstar Mortg., LLC*, 2023 WL 2424942, at *5 (S.D. Fla. 2023) (citing *Campero USA Corp. v. ADS Foodservice, LLC*, 916 F. Supp. 2d 1284, 1289 (S.D. Fla. 2012)). The Appellants did hardly anything, let alone "all [they] reasonably could."

The substitution of court effort for their own is precisely what the appellants are advocating here. They have nowhere near met their evidentiary burden to prove that any privileges apply to the documents in the privilege logs. An in camera review by the District Court does not substitute appellants' initial burden to first demonstrate they are entitled to privileges at all.

Appellants failed to substantiate their assertions of privilege as ordered by the District Court. *See* ECF No. 64 at 39:2-40:5; ECF No. 78 at 17, 19; ECF No. 106. This renders any request for in camera review not only untimely, but unnecessary and inefficient. The purpose of an in camera review is to determine the validity of the privilege claims, and the District Court already has ruled on that issue. ECF No. 78 at 19 (affirmed in ECF No. 98); ECF No. 106 at 16 (finding that "[i]n the July 31, 2023 Discovery Hearing, the Magistrate Judge made clear that she would consider conducting an in camera review of the privilege logs filed by the [appellants], but not until the [appellants] adequately substantiated their assertions of privilege. . . . That the [appellants] declined to adequately substantiate their claims, is not an error on the part of the Magistrate Judge.").

25

Thus, an in camera review was neither required nor appropriate, and the District Court did not err by exercising its discretion and deciding not to conduct an in camera review. ECF No. 106 at 16-18.

## CONCLUSION

For these good reasons, this Court should deny this appeal and affirm the District Court's orders.

Dated: February 18, 2025                    Respectfully submitted,


                                            **RIVERO MESTRE LLP**
                                            *Counsel for Appellee*
                                            2525 Ponce de León Blvd., Suite 1000
                                            Miami, Florida 33134
                                            Telephone: (305) 445-2500
                                            Fax: (305) 445-2505
                                            E-mail: arivero@riveromestre.com
                                                    rkuntz@riveromestre.com
                                                    amalave@riveromestre.com

                                            By: /s/ *Andrés Rivero*
                                            ANDRÉS RIVERO
                                            Florida Bar No. 613819
                                            ROBERT J. KUNTZ, JR.
                                            Florida Bar No. 94668
                                            ANA C. MALAVE
                                            Florida Bar No. 83839

26

## **CERTIFICATE OF COMPLIANCE**

This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B)(i) because it contains 5,903 words, excluding exempted parts. This brief also complies with typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word, Office 365 Pro Plus and 14-point Times New Roman type style.

/s/ Andres Rivero
Andres Rivero

## **CERTIFICATE OF SERVICE**

I certify that on February 18, 2025, I electronically filed this document with the Clerk of the Court using CM/ECF. I also certify that this document is being served today on all counsel of record either by transmission of Notices of Electronic Filing generated by CM/ECF and via email to pro se party Victor Careaga at victoracareaga23@gmail.com.

/s/ *Andrés Rivero*
Andrés Rivero