# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

Case No. 24-13266

## IN RE: THE RENCO GROUP AND THE DOE RUN RESOURCES CORPORATION

---

THE RENCO GROUP, INC. AND DOE RUN RESOURCES
CORPORATION,
Petitioner-Appellees,
v.
VICTOR CAREAGA,
Respondent-Appellant

RODRIGUEZ TRAMONT & NUNEZ, PA and
NAPOLI SHKOLNIK PLLC,

Intervenors-Appellants

HALPERN SANTOS & PINKERT, P.A.
Intervenor-Appellant

---

On Appeal from the United States District Court for the
Southern District of Florida,
District Court Case No. 1:22-cv-21115-JALa

---

## REPLY BRIEF OF INTERVENORS-APPELLANTS
## RODRIGUEZ TRAMONT & NUNEZ, PA, AND
## NAPOLI SHKOLNIK PLLC

Francisco Ramon Rodriguez
Paulino Antonio Nuñez Jr.
Rodriguez Tramont & Nuñez P.A.
255 Alhambra Circle,
Suite 1150
Coral Gables, FL 33134
T: (305) 350-2300
frr@rtgn-law.com
pan@rtgn-law.com
Counsel for Appellants

*In Re: The Renco Group Inc. and the Doe Run Resources Corporation,*
*Case No. 24-13266*

## CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

Pursuant to Eleventh Circuit Rule 26.1-1 and Eleventh Circuit Rule 26.1.-1, Intervenors-Appellants Rodriguez Tramont & Nunez, PA, et al. certify the following persons and entities may have an interest in this case.

1.   Ayala Law

2.   Bayman, Andrew

3.   Berra, Jr., Thomas

4.   Breakstone, Jay L.T.

5.   Careaga, Victor

6.   D.R. Acquisition Corp.

7.   Damian Valori LLP

8.   Devine Goodman Rasco & Watts-FitzGerald LLP

9.   Dinan, Jay Patrick

10.   Doe Run Cayman Holdings LLC

11.   Dowd Bennett, LLP

12.   Dowd, Edward, Jr.

13.   Drake, Geoffrey

14.   Dubanevich, William J.

*In Re: The Renco Group Inc. and the Doe Run Resources Corporation,*
*Case No. 24-13266*

15.  Fernandez, Amanda Lara

16.  Garcia-Menocal & Irias

17.  Garcia-Menocal, Jorge Alejandro

18.  Halpern Santos & Pinkert, P.A.

19.  Halpern, Jay

20.  Hickey, Michael

21.  Honorable Catherine D. Perry, district judge (E. D. Mo.)

22.  Honorable Joan Lenard, district judge (S. D. Fla.)

23.  Honorable Lauren Fleischer Louis, U.S. Magistrate Judge (S.D. Fla.)

24.  Honorable Rodney W. Sippel, district judge (E. D. Mo.)

25.  Icenogle, Denisse

26.  Kaiser, Marvin

27.  King & Spalding, LLP

28.  Kraft, Kristine

29.  Law Offices of William J. Dubanevich

30.  Lewis Rice, LLC

31.  Maura, Eduardo Ayala

32.  Mecias, Angelica

33.  Mestre, Jorge Alejandro

*In Re: The Renco Group Inc. and the Doe Run Resources Corporation,*
*Case No. 24-13266*

34.   Napoli Shkolnik PLLC

35.   Neal, Albert Bruce

36.   Núñez Jr., Paulino A.

37.   Parker Waichman

38.   Renfroe, Tracie

39.   Rennert, Ira

40.   Rivero Mestre, LLP

41.   Rodriguez, Francisco Ramon

42.   Rodriguez Tramont & Núñez P.A.

43.   SchlichterBogard, LLP

44.   Schlichter, Jerry

45.   Stump, Nathan

46.   Thaler, Louis

47.   The Doe Run Resources Corporation

48.   The Renco Group Inc.

49.   Toledo, Carmen

50.   Werner, Michael

51.   Zelms, Jeffrey

*In Re: The Renco Group Inc. and the Doe Run Resources Corporation,*
*Case No. 24-13266*

Dated: March 21, 2025

Respectfully submitted,

*/s/ Paulino Antonio Nuñez Jr.*
Francisco Ramon Rodriguez
Paulino Antonio Nuñez Jr.
Rodriguez Tramont & Nuñez P.A.
255 Alhambra Circle,
Suite 1150
Coral Gables, FL 33134
T: (305) 350-2300
frr@rtgn-law.com
pan@rtgn-law.com

*Counsel for Appellants*

# TABLE OF CONTENTS

**Page**

CERTIFICATE OF INTERESTED PERSONS AND
CORPORATE DISCLOSURE STATEMENT......................................C1

TABLE OF AUTHORITIES.............................................................. iii

INTRODUCTION .......................................................................... 1

ARGUMENT ................................................................................. 2

    I.    THE DISTRICT COURT'S DECISION STRIPPING PROTECTION FROM THE DOCUMENTS CREATED AFTER THE COMMENCEMENT OF LITIGATION VIOLATES THE PLAIN LANGUAGE OF LOCAL RULE 26.1(e)(2)(C)........................................................ 2

        June 15, 2023, Hearing. ............................................... 4

        Meet-and-confer............................................................ 4

        July 31, 2023, Hearing.................................................. 7

        August 4, 2023, Renewed Motion for a Protective Order ............................................................ 8

        Magistrate Judge's order. .............................................. 9

        Appeal from Magistrate Judge's Order.......................... 10

    II.    THE DISTRICT COURT ERRED IN STRIPPING PROTECTION FROM THE 23 DOCUMENTS CREATED BEFORE THE COMMENCEMENT OF LITIGATION................................................................. 12

        A.    Work-Product Protection Applies to the Documents ......................................................... 13

        B.    The District Court Abused Its Discretion in Declining to Consider Even One Document on an Individualized Basis ........................................ 14

C.    The District Court Abused Its Discretion by Neither Holding a Hearing Nor Examining Any Documents *In Camera*........................................... 15

CONCLUSION ................................................................................ 15

CERTIFICATE OF COMPLIANCE .................................................. 17

CERTIFICATE OF SERVICE.......................................................... 18

# TABLE OF AUTHORITIES

**Cases**                                                          **Pages**

*Bautech USA, Inc. v. Resolve Equip., Inc.*,
    No. 23-CV-60703, 2024 WL 1929486
    (S.D. Fla. May 2, 2024)........................................................ 11

*Gayle v. Meade*,
    20-CV-21553, 2020 WL 4515517
    (S.D. Fla. July 13, 2020) ...................................................... 5

*In re Application for an Order Pursuant To*
    *28 U.S.C. § 1782 to Conduct Discovery*,
    286 F. Supp. 3d 1 (D DC 2017) ............................................ 8

*Procaps S.A. v. Patheon Inc.*,
    2017 WL 11558276 (S.D. Fla. Oct. 2, 2017),
    order clarified, 2017 WL 11558274
    (S.D. Fla. Oct. 16, 2017)........................................................ 7

*Republic of Ecuador v. Hinchee*,
    741 F.3d 1185 (11th Cir. 2013) ............................................ 1

*UnitedHealthcare of Florida, Inc. v. Am. Renal Associates LLC*,
    No. 16-CV-81180, 2017 WL 6210835
    (S.D. Fla. Dec. 7, 2017) ........................................................ 3

**Statutes & Other Authorities:**

S.D. Fla. L.R. 26.1................................................................. 2, 5, 8

S.D. Fla. L.R. 26.1(e)(2)(C) ...........2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 15

**INTRODUCTION**

Contrary to Petitioners' argument, the bulk of this appeal brought by the Rodriguez and Napoli law firms, on behalf of their clients, is not subject to abuse-of-discretion review. As to all but 23 of the roughly 300 documents at issue, the District Court's decision stripping them of work-product protection based on an assertedly inadequate privilege log must be reversed for legal error. The plain language of Local Rule 26.2(e)(2)(C) does not require *any* privilege log for materials "created after commencement of the action." *See Republic of Ecuador v. Hinchee*, 741 F.3d 1185, 1188–89 (11th Cir. 2013) (rulings that interpret Court Rules "present[] a question of law subject" and are subject to de novo review on appeal).

As demonstrated in **Part I** of the reply, Petitioners' assertion that Rule 26.1(e)(2)(C) exemption was somehow waived below is incorrect. It was briefed both to the Magistrate Judge and to the District Court, yet it was ignored by both. Nor was the protection of the Rule waived by Rodriguez and Napoli when they provided more information than required by the Rule**. Part II** of this brief addresses the District Court's decision stripping the remaining 23 documents (the ones created *before* litigation was instituted) of work-product

protection. As to these documents, the District Court committed reversible error in viewing these documents as not protected by the work-product privilege; by refusing to consider the privilege claims on a document-by-document basis; and by declining to either conduct a hearing or examine the documents *in camera.*

## ARGUMENT

## I. THE DISTRICT COURT'S DECISION STRIPPING PROTECTION FROM THE DOCUMENTS CREATED AFTER THE COMMENCEMENT OF LITIGATION VIOLATES THE PLAIN LANGUAGE OF LOCAL RULE 26.1(e)(2)(C)

Our principal argument in this appeal (see Initial Br. at 16-19) is that as to 92% of the documents at issue (listed in Doc. 58-5)—that is, all but the 23 documents at issue that were created *before* the Rodriguez and Napoli firms instituted litigation on behalf of their clients in the Eastern District of Missouri (listed in Doc. 58-4)—the District Court erred as a matter of law in finding the privilege log inadequate under Local Rule 26.1 (which it cited in Doc. 106 at 5). It erred as a matter of law because it failed to consider Local Rule 26.1(e)(2)(C), whose plain language states that *no* privilege log is required for documents created *after* the commencement of litigation:

> (C) This rule requires preparation of a privilege log
> with respect to all documents, electronically stored

information, things and oral communications withheld on the basis of a claim of privilege or work product protection *except* the following: written and oral communications between a party and its counsel after commencement of the action and work product material created after commencement of the action. (emphasis added)

As to the merits of our argument, Petitioners offer no way around this plain language—because there is no way around it. There is no dispute that the documents Petitioners seek to obtain here relate exclusively to the litigation on-going between Petitioners and Rodriguez and Napoli's clients for nearly a decade in the United States District Court, Southern District of Missouri. The issue was addressed extensively in the Initial Br. at 16-18 and is not challenged by Petitioners. Nor is there any dispute that District Courts in the Southern District of Florida routinely enforce Rule 26.1(e)(2)(C)'s privilege log exemption for work product documents created after commencement of litigation. *See, e.g., UnitedHealthcare of Florida, Inc. v. Am. Renal Associates LLC*, No. 16-CV-81180, 2017 WL 6210835, at \*4 (S.D. Fla. Dec. 7, 2017) ("Local Rule 26.1(e)(2)(C) states that no privilege log is required for attorney-client communications or work product material that post-date commencement of the action. Therefore, no privilege log is required here.")

Instead, Petitioners suggest we waived this Local Rule 26.1(e)(2)(C) argument, in two different ways. First, they argue that this argument was not "timely presented," and thus waived. Pet. Br. at 18-19. Second, they contend that our argument somehow became "moot" because, in an abundance of caution, we prepared a privilege log *anyway*, so we "cannot now complain of the court's review and rejection of the privilege asserted in that log." Pet. Br. at 18. A review of how this issue was addressed below shows that neither contention is sound.

### *June 15, 2023, Hearing*.

In a hearing before the Magistrate Judge held prior to the creation of the privilege logs, the Magistrate Judge stated that logs were to be prepared in compliance with Local Rule 26.1. *See* Doc. 38 at 35:10-13 ("prepare the privilege log . . . supported by the evidence that at least our local rules require"); *id.* at 44:25 to 45:1 ("Make sure that the privilege log complies with our local rule.").

### *Meet-and-confer*.

As part of the meet-and-confer process, when we sent drafts of the two privilege logs to counsel for Petitioners, we preserved our position that, as to the post-litigation documents, the Local Rules

exempted us from *any* obligation to prepare a privilege log. In an e-mail of July 14, 2023, we stated:

> Note that [Rodriguez] and [Napoli] filed the first lawsuit in Missouri on behalf of the La Oroya plaintiffs on October 12, 2015. Therefore, under Local Rule 26.1(e)(2)(C), no privilege log is required for materials created after that date. *See, e.g., Gayle v. Meade*, 20-CV-21553, 2020 WL 4515517, at *3 (S.D. Fla. July 13, 2020).
>
> Nevertheless, in addition to supplying a document-by-document privilege log for materials created at the pre-filing stage, we have prepared, and attach, a log providing a considerable amount of detail, and category descriptions, for post-litigation documents, which we also identify as protected work product. See also the attached key to the initials used in the post-litigation log.

Doc. 54-4 at 1.

> Counsel for Petitioners responded on July 15, 2023:
>
> Mr. Rodriguez's reference to Local Rule 26.1(e)(2)(C) and *Gayle v. Meade* is a wild non sequitur. These documents are being produced in ***this proceeding***, the 1782 action in the southern District of Florida, the style of which you included in your email, not in the Missouri actions.

Doc. 54-4 at 2-3 (emphasis in original).

> Maintaining our position, on July 17, 2023, we responded:
>
> **4. Compliance With Local Rule 26.1 (e)(2)(c)**
>
> As I noted in my July 14 e-mail to you, we were careful to comply with Local Rule 26.1(e)(2)(c), to which Judge Louis directed our close attention. That rule states that a privilege log is not required regarding "work product

material created after commencement of the action." Here, the "action" is the lawsuit to which these materials pertain, which was filed in Missouri federal court on Oct. 12, 2015.

Thus, there is nothing to the suggestion in your e-mail that the specific discovery proceeding currently being overseen by Judge Louis is the relevant "action." In fact, the reason that Judge Louis let us intervene was to protect the rights of our clients in the Missouri litigation (consistent with Judge Sippel's rulings). None of the work product was generated in connection with this proceeding, which is merely concerned with discovery into documents related to the earlier action. In any event, our log provides ample detail as to the documents created after commencement of the action, so your objection lacks any practical significance.

Doc. 54-4 at 5.

On July 20, 2023, Petitioners raised objections regarding the format of the privilege logs and the post-litigation privilege log:

The relevant "action" for the purposes of Local Rule 26.1(e)(2)(c) is *this action* for which your firm is intervening, which was filed May 12, 2022. The privilege logs must be revised to reflect all documents you are asserting privilege over up until this date. The date of any Missouri action is irrelevant.

Doc. 54-4 at 10 (emphasis added).

We promptly responded, pointing to caselaw permitting us to proceed as we were doing:

Your email assumes that there are two privilege logs, which is incorrect. As we have explained, we have provided a privilege log indicating all privileged (protected work

product) pre-litigation responsive documents. We have also provided a post-litigation log which outlines the categories and provides some basic information regarding post-litigation responsive, privileged (protected work product) documents. *See, e.g. Procaps S.A. v. Patheon Inc.*, 2017 WL 11558276, at *2 (S.D. Fla. Oct. 2, 2017), order clarified, 2017 WL 11558274 (S.D. Fla. Oct. 16, 2017) ("Local Rule 26.1(e)(2)(C) provides an exception for the requirement that a privilege log be prepared: "written and oral communications between a party and its counsel after commencement of the action and work product material created after commencement of the action" need not be listed on a privilege log. S.D. Fla. L.R. 26.1(e)(2)(C).).

\*    \*    \*

- [Rodriguez] and [Napoli] were permitted to intervene only to protect the interests of our clients in the Missouri litigation which is still pending against your clients.

- As a result, the "action" for purposes of the determination of privilege is the Missouri litigation which began on October 12, 2015, and is ongoing.

Doc. 54-4 at 12-13.

### *July 31, 2023, Hearing.*

Importantly, at the hearing held by the Magistrate Judge regarding the adequacy of the privilege logs, we made a record of our reliance on the directive that the privilege logs be prepared in compliance with the Local Rules. As Mr. Rodriguez explained:

I was very cognizant of your Honor at the June 15th hearing. Your Honor said, look, you've got to give me some information so I can make rulings on your assertions of

7

the work product privilege. So I read 26.1 carefully, as your Honor suggested.

It seemed to me that the requirement was to prepare a privilege log for all documents that were prepared prior to the initiation of the litigation, which was October 12, 2015. After October 12, 2015, it was not a requirement.

Doc. 63-1 at 12:25 to 13:8.

### *August 4, 2023, Renewed Motion for a Protective Order*

Contrary to Petitioners' two-part waiver argument—that our Local Rule 26.1(e)(2)(c) argument was not "timely presented" to the Magistrate Judge and, in any event because, in an abundance of caution we actually *prepared* a post-litigation privilege log, we thereby waived the argument—in our renewed motion for a protective order, we again reiterated our reliance on the plain language of Local Rule 26.1(e)(2)(c), *and* made clear that by *exceeding* the requirements of that rule, we were *not* waiving our argument that *no* privilege log was required. We were crystal clear on both points:

As noted during the July 31 hearing, in initially supplying less detail covering this period, the Law Firms relied on Local Rule 26.1(e)(2)(c). Significantly, even if the Local Rule does not apply, case law addressing discovery requests to attorneys representing a party through extensive litigation reaches the same result. *See, e.g., In re Application for an Order Pursuant To 28 U.S.C. § 1782 to Conduct Discovery*, 286 F. Supp. 3d 1, 7-8 (D DC 2017) (citing additional

8

cases). Without waiving this argument, the Law Firms nevertheless have endeavored to eliminate this concern by supplementing **Exhibit E**, specifically, by providing the level of detail customary for a privilege log.

Doc. 58 at 13.

### *Magistrate Judge's order.*

Despite having reminded the Magistrate Judge, both at the July 31 hearing and in the renewed motion, that we had been directed to prepare the privilege logs in compliance with Local Rule 26.1(e)(2)(c), which does not require *any* privilege log for documents created after the commencement of litigation, the Magistrate Judge made no mention of this argument in striking all work product protection from the 92% of the documents at issue (all but 23 of roughly 300 documents) listed in the post-litigation privilege log (Doc. 58-5). *See* Doc. 99 at 21-23. Even though the Magistrate Judge explicitly noted that one of the privilege logs "contains documents created after the filing of the mass tort actions," *id.* at 22, there was no consideration of our Local Rule 26.1(e)(2)(c) argument, only a glancing reference to the rule, with no acknowledgment that it states that no privilege log is required for documents created after the commencement of litigation. *Id.* at 18.

***Appeal from Magistrate Judge's Order.***

On appeal to the District Court, we again invoked Local Rule 26.1(e)(2)(c), expressly objecting to the Magistrate Judge's failure to apply its provision that no privilege long is required for post-litigation documents, on which we had relied. Doc. 82 at 9-10.

In their brief opposing the appeal, Petitioners made no mention of this argument. Doc. 83.

Likewise, the District Court made no mention of this argument. Doc. 106. It quoted a portion of Local Rule 26.1, *id.* at 5, but in analyzing the adequacy of our post-litigation privilege log, it gave no consideration to our argument based on Local Rule 26.1(e)(2)(c). *Id.* at 9-11.

On appeal, Petitioners have advanced no argument against the merits of our argument based on Local Rule 26.1(e)(2)(c)— unsurprisingly, because there *is* no argument against it on the merits. The plain language of the rule exempted nearly all of the documents at issue from any requirement of a privilege log, as they had been created *after* the commencement of litigation. Petitioners instead argue waiver, but as the above summary of the proceedings before the Magistrate Judge and District Court makes clear, there

10

was no waiver. We carefully preserved the argument throughout the case, and it was simply ignored by the Magistrate Judge and, on appeal to the District Court, by Petitioners and the District Court. Finally, Petitioners argument that Rodriguez and Napoli waived Rule 26.1(e)(2)(c)'s exemption for post-litigation-commencement documents by providing a log not required by the Rule was not adopted by the Magistrate Judge or the District Court, and is legally baseless

> [T]he Local Rules do not require production of a privilege log for work product material created after commencement of the action. Therefore, the *late production of the privilege log cannot operate as a waiver of privilege for those documents, even though* PNI *chose to list them on the log.*

*Bautech USA, Inc. v. Resolve Equip., Inc.*, No. 23-CV-60703, 2024 WL 1929486, at *3 (S.D. Fla. May 2, 2024) (emphasis added).

The District Court erred as a matter of law in stripping the documents listed in Doc. 58-5 of work-product protection. This Court should so hold, and remand this aspect of the case for further proceedings.

## II.    THE DISTRICT COURT ERRED IN STRIPPING PROTECTION FROM THE 23 DOCUMENTS CREATED BEFORE THE COMMENCEMENT OF LITIGATION

The only remaining matter to be addressed in this appeal is whether the District Court erred in its analysis of the 23 documents created *before* the commencement of the litigation in Missouri federal district court (Doc. 58-4), for which a privilege log was required under Local Rule 26.1(e)(2)(c). As to these documents, the District Court committed reversible error in three independent ways: **(a)** by viewing these documents as not protected by the work-product privilege; **(b)** by refusing to consider the privilege claims on a document-by-document basis; and **(c)** by declining to either conduct a hearing or examine the documents in camera. Because Petitioners' arguments on each point have been ably addressed by the Co-Appellant, *see* Brief of Intervenor-Appellant Halpern Santos & Pinkert, P.A. ("Halpern Reply"), only a brief treatment of each point is needed.

### A.    Work-Product Protection Applies to the Documents

Our first argument applicable to the 23 documents is that the documents sought by Petitioners through their subpoena were, by definition, work product because *the whole point* of Petitioners' discovery efforts was to determine the nature of the efforts made in

12

Peru to investigate potential plaintiffs, acquire records concerning them, and determine whether they had valid claims, all inherently actions taken in anticipation of litigation. Initial Br. at 19-24. *See also* Halpern Reply at 4-6.

Petitioners argue that the process of determining whether individuals have valid claims, and deciding whether to take them on as clients, involves mere "business" transactions, Pet. Br. at 14-15, but the authorities they rely on do not support that proposition. *See* Halpern Reply at 9-11. Similarly, Petitioners' assertion that records relating to third parties, or financial records, are wholesale excluded from work-product protection, Pet. Br. at 15-16, is likewise incorrect. Such records are often generated as part of work in anticipation of litigation, and to force their disclosure to a litigation adversary would undermine the privacy of an attorney's professional activities. *See* Halpern Reply at 12-14.

### B. The District Court Abused Its Discretion in Declining to Consider Even One Document on an Individualized Basis

Our second argument applicable to the remaining 23 documents is that the District Court erred in its all-or-nothing approach by declining to consider even *one* document on an

individualized basis, in order to test whether the privilege log was inadequate in describing the documents. Initial Br. at 24-25. Petitioners suggest that judges enjoy *carte blanche* to avoid any document review, at their discretion, Pet. Br. at 20-24, but the authorities they cite do not support that radical proposition. *See* Halpern Reply at 14-15. Such wholesale exclusion, without scrutiny of even one document, cannot be justified on this record. At least some particularized consideration is required, requiring a remand.

### C. The District Court Abused Its Discretion by Neither Holding a Hearing Nor Examining Any Documents *In Camera*

Our third and final argument is that the District Court abused its discretion in simply denying the motion for a protective order, and stripping the documents of protection, without holding a hearing, or examining any documents *in camera*, or even ordering a revision of the privilege log covering the 23 documents. Initial Br. at 26-28. Petitioners assert that such review would have been "unnecessary and inefficient," Pet. Br. at 25, but there would have involved little imposition on the District Court (or Magistrate Judge) to have engaged in a review of at least a handful of the 23 documents at issue—and the documents *themselves* were the best evidence of our

14

conclusion, reached after careful study, that the documents were obviously ones prepared in anticipation of litigation. *See* Halpern Reply at 17-18.

## CONCLUSION

For all the reasons stated, as to the 92% of the documents listed in Doc. 58-5, as to which under Local Rule 26.1(e)(2)(C) *no* privilege log was required, this Court should reverse the District Court for legal error. As to the remaining 23 documents listed in Doc. 58-4, this Court should reverse the District Court based on abuse of discretion. The Court should then remand the case for further consideration, consistent with its rulings.

Respectfully submitted,

*/s/ Paulino Antonio Nuñez Jr.*
Francisco Ramon Rodriguez
Paulino Antonio Nuñez Jr.
Rodriguez Tramont & Nuñez P.A.
255 Alhambra Circle,
Suite 1150
Coral Gables, FL 33134
T: (305) 350-2300
frr@rtgn-law.com
pan@rtgn-law.com

*Counsel for Appellants*

15

## CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limitations of Federal Rule of Appellate Procedure 28.1(c)(2) and 28.1(e)(2)(B)(i), as the brief contains 3,056 words, excluding those parts exempted by 11th Circuit Rule 32-4.

This brief complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type style requirements of Federal Rule of Appellate Procedure 32(a)(6) as this brief has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Bookman Old Style.

Respectfully submitted,

*/s/ Paulino Antonio Nuñez Jr.*
Francisco Ramon Rodriguez
Paulino Antonio Nuñez Jr.
Rodriguez Tramont & Nuñez P.A.
255 Alhambra Circle,
Suite 1150
Coral Gables, FL 33134
T: (305) 350-2300
frr@rtgn-law.com
pan@rtgn-law.com

*Counsel for Appellants*

16

## CERTIFICATE OF SERVICE

I hereby certify that on March 21, 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel or parties of record.

Respectfully submitted,

*/s/ Paulino Antonio Nuñez Jr.*
Francisco Ramon Rodriguez
Paulino Antonio Nuñez Jr.
Rodriguez Tramont & Nuñez P.A.
255 Alhambra Circle,
Suite 1150
Coral Gables, FL 33134
T: (305) 350-2300
frr@rtgn-law.com
pan@rtgn-law.com

*Counsel for Appellants*